**COLLINS TRUCK LINES, INC., et al., Appellants,**

v.

**METROPOLITAN WASTE CONTROL COMMISSION, Respondent.**

**Nos. 48222, 48605.**

Supreme Court of Minnesota.

Jan. 5, 1979.

Rosen, Kaplan & Ballenthin and James E. Ballenthin, St. Paul, for appellants.

Robert A. Hillstrom and Bradley J. Martinson, Minneapolis, for respondent.

Heard before PETERSON, YETKA and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Consolidated appeals from the judgment of the district court, Tenth Judicial District, denying plaintiffs' action for declaratory judgment and from the district court's order denying plaintiffs' motions for an order amending the district court's prior order and for findings of fact and conclusions of law. The issues before this court concern the district court's determination that, under the provisions of a 1964 purchase agreement, plaintiffs are not entitled to repurchase certain real property and have no right to prevent termination of their leasehold interest. We affirm.

Plaintiffs' predecessors in interest, Dorothy and Everett Collins, owned approximately 5.3 acres in Anoka County. In 1964, the North Suburban Sanitary Sewer District (hereinafter NSSSD) entered negotiations with the Collinses for the purchase of the property. At issue was the right of repurchase demanded by Everett Collins in the event the property should not be used for public purposes. NSSSD was not willing to agree to a perpetual right of repurchase but finally agreed to a 15-year right of repurchase and continued possession by the Collinses on a month-to-month basis.

Dorothy and Everett Collins sold the property to NSSSD for $43,000 under the terms of a purchase agreement dated August 25, 1964. The following conditions appeared in the purchase agreement.

"1. *If District does not make public use of premises and determines to dispose of the same within a period of 15 years from date hereof* then seller shall be given notice thereof in writing 90 days in advance of the intent to dispose of the property and *seller (and his heirs and assigns) shall have the right to make a repurchase* of the premises at the price paid herein therefor by the District; provided that should the District erect any structure on any part of the premises or otherwise improve any portion thereof in a manner to enhance the value of the property then such part thereof shall be excluded from the portion available for repurchase by the seller and seller's right shall be limited to only that part not improved by the District. For such purpose the District may set apart for improvement for the use of the District such part of the land as the District shall find useful to its needs (using increments of 1 acre) and value of each acre used and not available for repurchase is and shall be the sum of $8,000.00. *All rights of repurchase in seller shall expire after period of 15 years.*

"In addition to right of repurchase, as noted hereinabove, but which shall be of no force and effect after a period of 15 years from date hereof, it is provided also:

"2. *While premises are vacant and not improved by the District and not being used by the District for the purposes of the District, the seller may continue to occupy the same as a lessee of the premises on a month to month tenancy* with a rental payment not to exceed the sum of $150.00 per month. Lessee may terminate his tenancy on 30 days notice in writing. The District will assure the lessee of occupancy of all or part of the premises for a period of at least 24 months from and after the sale and purchase of the premises by the District. The tenancy to commence on the first of the month following the closing of the sale of the premises. The District shall have the right to use and occupy immediately such parts or portions of the North end of the premises for storage of materials, equipment and the property of the District, or any of its agents and contractors as shall appear necessary to the reasonable needs of the District and as will enable the seller to make use of the Southern portion of the premises and the building structures located thereon now used and occupied for the benefit of the seller. The seller, during his use and occupancy of any part of the premises as a lessee or by his own subtenants, shall provide for the benefit of the District liability insurance and indemnify the District against any loss by reason of his continued use and occupancy of the premises." (Emphasis supplied.)

The property was conveyed to the North Suburban Sanitary Sewer District by warranty deed on September 29, 1964. The above conditions were not recited in the deed.

In 1975, Dorothy Collins, then a widow, assigned and quit claimed her interest in the lease and arising from the purchase agreement to plaintiff Collins Truck Line, Inc.

Defendant Metropolitan Waste Control Commission, NSSSD's successor, served plaintiffs with Notices to Quit on April 30, 1975, September 3, 1975, and April 22, 1976. However, the lease arrangement apparently continued through August of 1975.

This action, commenced on October 3, 1975, sought a declaratory judgment of the rights arising from the purchase agreement and separately alleged mistake and breach of contract. The matter was tried before the district court without a jury on March 14, 1977. Plaintiffs presented no evidence in support of the allegations of mistake and breach of contract.

After trial, the district court denied plaintiffs' action for declaratory judgment and, by virtue of that order, adjudicated the rights under the purchase agreement in defendant's favor.[1] In response to the order denying plaintiffs' action, plaintiffs unsuccessfully moved the district court to amend its order and to make findings of fact and conclusions of law.[2]

1.  The first issue presented by plaintiffs is whether the district court erred in determining that the purchase agreement provision concerning the right to repurchase the property subject to the agreement was unambiguous. Plaintiffs argue that the following phrase in the purchase agreement respecting that right is ambiguous: "If District does not make public use of premises and determines to dispose of the same within a period of 15 years from date hereof . . . ."

An instrument is ambiguous if it is reasonably susceptible of more than one construction. *Employers Liability Assurance Corp. v. Morse,* 261 Minn. 259, 264, 111 N.W.2d 620, 625 (1961). According to plaintiffs, the provision is susceptible of two constructions. Plaintiffs contend that the language implies, on one hand, that NSSSD had the right to use the property for its purposes but that if it did not use it within the 15-year period, it must reoffer the property to plaintiffs. On the other hand, plaintiffs argue, the language can be construed to prevent repurchase if NSSSD holds the property without using it for public purposes throughout the 15-year period, as long as it doesn't determine to dispose of the property. In order to be ambiguous in the legal sense, both constructions must be reasonable. *Employers Liability Assurance Corp. v. Morse, supra.* To reach the first construction, the phrase "and determines to dispose of the same" must be totally disregarded. Thus, only the second construction, that reached by the district court, is reasonable and is firmly supported by the language of the purchase agreement. The provision concerning the right of repurchase is not ambiguous. NSSSD could have extinguished the right of repurchase by making public use of the property within the first 15 years, even if it did not determine to dispose of the property. Thereafter, it could have disposed of the property without regard to plaintiffs' rights. If, however, having not used the property, NSSSD decided to dispose of the property within the first 15 years, then plaintiffs would have first right of refusal.

Plaintiffs contend that the Collinses would not have sold the property had they not believed they could repurchase it if

---

1.  See, *Ketterer v. Independent School District # 1 of Chippewa County,* 248 Minn. 212, 79 N.W.2d 428 (1956).

2.  The district court did not err in denying that motion. The determination of whether or not a purchase agreement is ambiguous is a legal one. *Employers Liability Assurance Corp.,* 261 Minn. 259, 111 N.W.2d 620 (1961). Because this action was not tried upon the facts, but sought adjudication of questions of law arising from construction of a written instrument, the district court was not compelled by Rule 52.01, Rules of Civil Procedure, to make findings.

it was not used within 15 years. In order to consider the intent of the parties or the circumstances surrounding the agreement the district court must first determine that the instrument is ambiguous. *Marso v. Mankato Clinic, Ltd.,* 278 Minn. 104, 115, 153 N.W.2d 281, 289 (1967). Here, having found no ambiguity, the district court properly restricted its consideration to the language of the instrument. Plaintiffs contend further that the Collinses did not intend to agree to a provision conditioning the right of repurchase on NSSSD's decision to dispose of the property. Since no evidence of mistake was presented to the district court and no findings of fact concerning this claim were made, this argument can not be considered on this appeal.

■ 2. The second issue is whether the district court erred in determining that, under the provisions of the purchase agreement, plaintiffs held a month-to-month tenancy that could be terminated with proper notice, even though the land was vacant, unimproved, and not used by the lessor for its purpose. Plaintiffs claim that the pertinent lease provision is ambiguous. It reads as follows: "While premises are vacant and not improved by the District and not being used by the District for the purposes of the District, the seller may continue to occupy the same as a lessee of the premises on a month-to-month tenancy with a rental payment not to exceed the sum of $150.00 per month. Lessee may terminate his tenancy on 30 days written notice."

Plaintiffs argue that the above provision is susceptible of more than one meaning and thus is ambiguous. One meaning, that ascribed by the district court, is that the tenancy was month-to-month with either party having the right to terminate the lease on one month's written notice. Plaintiffs assert that the provision can also be construed to give plaintiffs the absolute right to terminate at any time with proper notice but to entitle defendant to terminate only if one of the three conditions changes, i. e., vacancy, improvement, use of property by NSSSD.

The district court found no ambiguity in the provision, determining that, while the three conditions were precedent to the existence of a tenancy, they did not affect defendant's right to terminate the tenancy, which was characterized by the purchase agreement provision as month-to-month. The construction reached by the district court is the only interpretation that can be reasonably derived from that provision.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.