SOLIDIFICATION, INC., Appellant,

v.

Michael S. MINTER et al., Respondents.

No. 51042.

Supreme Court of Minnesota.

May 29, 1981.

---

Edward M. Cohen and David L. Olson, St. Louis Park, for appellant.

Schiefelbein & Greenberg and Alan G. Greenberg, Minneapolis, for respondents.

SIMONETT, Justice.

Plaintiff Solidification, Inc., sued defendant Michael S. Minter on an unpaid bill for repairing a warehouse floor. Minter counterclaimed, alleging the work had been done negligently. The trial court found in favor of defendant Minter, awarding him $6,500 damages. Solidification appeals, claiming the evidence is insufficient to support a finding of causal negligence, that in any event an exculpatory clause in the contract exonerates it from liability, and, if liable, the unpaid contract price should have been offset against the $6,500 damage award. We modify and affirm.

1. Plaintiff was hired to raise the concrete slab floor in an old warehouse by pumping grout (a viscous cement slurry)

under the floor. After the job was done, it was discovered all the sewer pipes under the floor were clogged with grout and defendant Minter had to make substantial repairs. The trial court found that Solidification "was negligent in failing to flush water through the system while performing the grouting procedure" and that Minter was thereby damaged.

Solidification claims it did flush water through the pipes while grouting. Minter testified it did not. The parties even disagreed if the grout found in the pipes was plaintiff's grout. The liability issue is close, but the trial court saw and heard the witnesses and there is evidence to support the verdict. We cannot say the finding was clearly erroneous.

2. There were many unknowns involved in the grouting procedure: an old building with a sagging floor, wet subsoil, and plumbing which had been shut off for several years and was in an unknown condition. Consequently, Solidification added a clause to the work contract as follows: "We will avoid all possible pumping grout into sewer, however, cannot accept responsibility should this occur." Solidification claims the clause is a valid exoneration from liability. Minter claims the clause does not include negligence, and, in any event, it contains a prefatory promise of due care.

We have upheld exculpatory clauses between private parties as valid. *Independent School Dist. No. 877 v. Loberg Plumbing & Heating Co.*, 266 Minn. 426, 123 N.W.2d 793 (1963); *Pettit Grain & Potato Co. v. Northern Pacific Ry. Co.*, 227 Minn. 225, 235, 35 N.W.2d 127, 132 (1948). Since *Farmington Plumbing v. Fischer Sand*, 281 N.W.2d 838 (Minn.1979), we have held that indemnity clauses are to be strictly con-

strued. The same rule of construction applies to exculpatory clauses. Here, Solidification's clause is ambiguous. Does it mean that the contractor promises to be careful but, if not, it will not be responsible for its own fault? Or does it mean that the contractor promises to be careful, but even if it is, there may be an unsatisfactory result for which it will not be responsible? Construing the clause strictly against its author, the party seeking exoneration, we cannot say Solidification is relieved from its own negligence.

3. The trial court found liability but granted a new trial on damages. At the second trial on damages before a different judge, the trial court found Minter was damaged in the amount of $6,500 needed to replace and repair the sewer lines. Minter's evidence on damages was weak and undocumented but, we believe, sufficient to support the trial court's finding. The trial court, however, did not deduct from the damages the amount remaining unpaid on the contract price. This set-off should have been made. *Gess v. Sill*, 312 Minn. 288, 251 N.W.2d 650 (1977); C. McCormick, *Handbook on the Law of Damages* § 168 at 649 (1935); Restatement of Contracts § 346 (1932). Therefore, Minter's damages of $6,500 are to be reduced by $2,877.10.

Affirmed as modified, with judgment to be entered in favor of respondent Michael S. Minter in the amount of $3,622.90.