Jack FENA, et al., Respondents,

v.

**Bo W. WICKSTROM, Appellant.**

No. C3–84–51.

Court of Appeals of Minnesota.

May 29, 1984.

Steven A. Nelson, International Falls, for appellant.

Michael S. Kreidler, Minneapolis, for respondents.

Heard, considered and decided by POPO-VICH, C.J., and FORSBERG and RAN-DALL, JJ.

## OPINION

POPOVICH, Chief Judge.

Appellant appeals from a judgment of the trial court in favor of respondent dismissing appellant's counterclaim. We affirm.

## FACTS

On April 4, 1978, the parties executed a five year lease. The property leased consisted of the basement and first floor of a two story structure in which appellant operated a Ben Franklin variety store. The lease contained the following exculpatory clause:

> The said Lessee agrees that the said Lessors shall not be holden or liable for any loss or damage which may be sustained by the said Lessee or others by reason of the freezing, bursting, overflowing or defect of any water, sewer, gas or steam pipes, closets or sinks, in or about said premises or ~~from premises overhead~~ nor for any loss or damage

which directly or indirectly may be sustained by water, sewer or gas, nor for loss or damage caused by water, ice or snow from roof, skylights, trap doors or otherwise, nor for loss or damage by reason of the present or future condition of repair of said premises or for loss or damage arising from the acts or omissions of said Lessee or other tenants or occupiers.

On July 18, 1980, a pipe above the ceiling of the first floor burst. The water damage required extensive repair, and the City of Hibbing condemned the building as unsafe for human occupancy. Appellant vacated the premises and notified respondents he was terminating the lease. Respondents instituted an action to recover loss of rent and related damages.

Appellant filed a counterclaim seeking damages for lost profits, cleanup fees, and other damages. Respondents then brought a motion to dismiss the counterclaim based upon the language of the exculpatory clause. Appellant claims the language of the exculpatory clause was ambiguous and the counterclaim should have been submitted to a jury. The trial court found the language of the exculpatory clause was not ambiguous and dismissed the counterclaim.

### ISSUE

Whether the terms of the exculpatory clause were unambiguous?

### ANALYSIS

■ Parties to a commercial lease may protect themselves against liability arising from their own negligence without violating public policy. *Schlobohm v. Spa Petite, Inc.*, 326 N.W.2d 920, 922–23 (Minn. 1982). An exculpatory clause that is ambiguous in scope or releases a party from liability for intentional, willful, or wanton acts, however, is unenforceable. *Id.* at 923. "Whether a contract is ambiguous is a legal determination in the first instance." *Blattner v. Forster*, 322 N.W.2d 319, 321 (Minn.1982). If the contract is unambiguous, the court may construe the provisions of the contract and no extrinsic evidence is

necessary. *In the Matter of Turners Crossroad Dev. Co.*, 277 N.W.2d 364, 369 (Minn.1979); *Collins Truck Lines, Inc. v. Metropolitan Waste Control Comm'n*, 274 N.W.2d 123, 127 (Minn.1979).

■ Appellant contends the exculpatory clause is ambiguous because the term "premises" is unclear. Appellant claims the contract's reference to premises varyingly refers to the entire building or to the first floor and basement. Appellant further contends the parties intended to exclude water damages resulting from bursting pipes on the second floor because the words "from premises overhead" were deleted from the exculpatory clause.

The varying use of the term premises does not make the exculpatory clause ambiguous. The first portion of the exculpatory clause eliminates respondents' liability for water damage from bursting pipes in or about said premises. The pipe that burst was above the first floor ceiling. Either definition of premises would include the pipe immediately above the first floor ceiling. Moreover, the second portion of the exculpatory clause excludes liability for any water damage whatsoever.

■ In order for the exculpatory clause to be ambiguous as a matter of law, it must be susceptible to more than one reasonable construction. *Collins Truck Lines*, 274 N.W.2d at 126. There is only one reasonable interpretation of the present exculpatory clause. Nothing in the language of the contract supports appellant's contention that water damage resulting from burst ceiling pipes was excluded by the exculpatory clause. The language the parties deleted from the exculpatory clause cannot be considered either because the intent of the parties becomes relevant only when the contract language is ambiguous. *Turners Crossroad Dev. Co.*, 277 N.W.2d at 369; *Collins Truck Lines*, 274 N.W.2d at 127; *Starr v. Starr*, 312 Minn. 561, 562–63, 251 N.W.2d 341, 342 (1977).

### DECISION

The judgment of the trial court dismissing appellant's counterclaim is affirmed.