OTIS ELEVATOR
COMPANY, Appellant,

v.

DON STODOLA'S WELL DRILLING
CO., INC., Respondent.

No. CX–85–493.

Court of Appeals of Minnesota.

Aug. 6, 1985.

Review Denied Oct. 11, 1985.

Larry D. Espel, Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., Minneapolis, for appellant.

Scott Ballou, Lasley, Gaughan, Stich & Angell, P.A., Minneapolis, for respondent.

Considered and decided by FORSBERG, P.J., and WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from summary judgment entered against appellant Otis Elevator on its claim against its subcontractor, Don Stodola's Well Drilling Company [hereafter, Stodola]. We affirm.

## FACTS

Appellant Otis Elevator contracted to install an elevator at the East Minnetonka Junior High School. Otis requested bids from subcontractors for the drilling required for the project. Stodola submitted a verbal bid and later written confirmation. Stodola was awarded the contract.

Following the drilling and installation of the elevator casing by Stodola, the footings and walls of the portion of the building surrounding the elevator installation were found to be cracking. To repair this damage, Otis was required to spend approximately $20,000. It claims that Stodola's negligence in drilling caused the damage.

Stodola's written bid proposal included the following exculpatory clause:

> We assume no liability for any damage to buildings or footings that may result from this installation.

This clause was typed in by Stodola.

Otis replied with a purchase order accepting the bid. The order included the following typewritten language:

*In accordance with your proposal,* drill one (1) plunger hole to plumb a 16″ diameter cylinder with coupling to a depth of 20 feet measured from the pit floor. Hole is to be cased with steel covered plate welded to the top. [Emphasis added.]

On the reverse side of the order form were printed a number of terms and conditions, including an indemnity clause requiring the seller (Stodola) to indemnify Otis for

damage to property caused by seller's act or omission during the performance of the work * * * *.

The trial court determined that Stodola's exculpatory clause included a denial of liability for damages due to Stodola's negligence as well as other causes. It ruled that this clause was unambiguous and enforceable, and took precedence over the printed indemnity clause on the purchase order form.

### ISSUE

Did the trial court err in ordering summary judgment based on the exculpatory clause?

### ANALYSIS

The supreme court has held that contractual provisions by which a party seeks to protect itself from liability for its own negligence may be valid. *Schlobohm v. Spa Petite, Inc.,* 326 N.W.2d 920, 922–23 (Minn. 1982). Such provisions, however, whether in the form of exculpatory clauses or of indemnity provisions, are strictly construed. As noted in *Schlobohm:*

Even though we have recognized the validity of exculpatory clauses in certain circumstances, they are not favored in the law. A clause exonerating a party from liability will be strictly construed against the benefited party. If the clause is either ambiguous in scope or purports to release the benefited party from liability for intentional, willful or wanton acts, it will not be enforced.

326 N.W.2d at 923.

The trial court concluded that the Stodola exculpatory clause was not ambiguous and that it did purport to release Stodola from liability for its own negligence. There was no claim of damage from intentional or willful acts by Stodola.

■ Otis contends that the exculpatory clause is ambiguous, because it does not explicitly exonerate Stodola from liability for its own negligent acts. Therefore, Otis argues, the clause is unenforceable. *See Fena v. Wickstrom,* 348 N.W.2d 389 (Minn. Ct.App.1984) (exculpatory clause in lease held enforceable because it was unambiguous).

In *Solidification, Inc. v. Minter,* 305 N.W.2d 871, 873 (Minn.1981), the supreme court held the following exculpatory clause ambiguous:

We will avoid all possible pumping grout into sewer, however, cannot accept responsibility should this occur.

*Id.* Otis contends the Stodola clause is similar to that in *Solidification* in the lack of an "express provision" exonerating the subcontractor for its own negligence. *Farmington Plumbing & Heating Co. v. Fischer Sand and Aggregate, Inc.,* 281 N.W.2d 838, 842 (Minn.1979). We do not agree that an explicit reference to negligence is required by the "strict construction" rule adopted in *Farmington.*

■ The supreme court has held that an indemnity provision in a subcontract agreement need not make specific reference to "negligence" in order to indemnify the contractor from liability for its own negligent acts. *Johnson v. McGough Construction Company, Inc.,* 294 N.W.2d 286, 288 (Minn.1980). The indemnity provision is succinctly quoted, and the holding stated, as follows:

The provision states that the subcontractor will "assume entire responsibility and liability for all damages" and will "indemnify and save harmless the Contractor * * * from all such claims including, without limiting the generality of the foregoing, *claims for which the Contractor may be, or may be claimed to be, liable.*" (Emphasis added.) This lan-

guage necessarily includes claims of the contractor's negligence. We cannot agree that specific reference to "negligence" would more clearly express an indemnitor's obligation since then the question would arise whether the provision was limited to liability only for negligence. We hold that the provision considered as a whole clearly and unequivocally states the intent that the indemnitor is liable to the indemnitee for its negligence.

*Id.*

*Johnson* directly addresses the issue of whether explicit reference to "negligence" is required, and we find no basis for distinguishing its holding. *Johnson* involved an indemnity provision rather than an exculpatory clause. As attempts to avoid liability, however, each is similarly construed. *Solidification, Inc. v. Minter*, 305 N.W.2d at 873. The language in *Johnson* is more comprehensive, as befits a printed form, but is not more inclusive as to whose negligence it covers than the broad denial of liability in the Stodola exculpatory clause. In *Johnson*, this language of indemnity appeared in a standard printed form for subcontract agreements. We decline to apply a more stringent standard for typed or handwritten insertions drafted by a party, than was applied in *Johnson* to a pre-printed form.

*Solidification, Inc. v. Minter*, the case relied on by Otis, is more recent but also readily distinguished. Since the exculpatory clause in *Solidification* included both a promise of due care and a disclaimer of responsibility, its ambiguity was not due to the absence of an explicit reference to "negligence."

### DECISION

The exculpatory clause is not ambiguous. It was properly construed by the trial court as covering liability for damages due to Stodola's own negligence.

Affirmed.