BARBIER v BARBIER

DIVORCE—JUDGMENT—MODIFICATION—CHILD SUPPORT—AGE OF MA-
    JORITY ACT.
    Modification of child-support provisions of a judgment of divorce,
        which provided for payments for the children until they
        reached the age of 21, on the ground that the Age of Majority
        Act of 1971 emancipates children at the age of 18, was properly
        denied because that act has no effect upon a divorce judgment
        entered or any rights accrued before its effective date (MCLA
        722.54).

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 February 13, 1973, at Detroit. (Docket No. 14545.) Decided March 23, 1973.

Complaint by Sally A. Barbier against Roy E. Barbier for divorce. Divorce granted. Defendant's motion to modify the judgment to eliminate certain child-support provisions denied. Defendant appeals. Affirmed.

*Davidow & Davidow,* for plaintiff.

*Balmer, Skillman & Balmer,* for defendant.

Before: V. J. BRENNAN, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

PER CURIAM. On January 23, 1970, plaintiff Sally Barbier was granted a judgment of divorce from defendant Roy Barbier. The parties had three

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation § 844 *et seq.*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

children during their marriage, and the oldest, Douglas, was 18 at the time the judgment of divorce was entered. A portion of the judgment of divorce dealing with child support reads as follows:

"IV.

"*Re: Support for Minor Children*

" \* \* \* It is further ordered and adjudged that the defendant, Roy Edward Barbier, shall pay the sum of $50 per week for each of the said minor children who has attained the age of 18 years and is attending college, said payments to be made for only the summer vacation, to wit: June, July and August, when said child is home from college, and to terminate, in any event, when the said child reaches 21 years of age.

"V.

"*Re: Medical, Dental and Hospital Expenses*

"It is further ordered and adjudged that the defendant, Roy Edward Barbier, shall pay for all reasonable and necessary medical, dental and hospital expenses for the minor children until each of them shall have attained the age of twenty-one (21) years or until the further order of this court."

On May 5, 1971, defendant Roy Barbier filed a motion in the trial court to modify the judgment of divorce. Defendant contended that MCLA 722.1 *et seq.;* MSA 25.244(1) *et seq.,* which emancipates minor children at the age of 18, required that the provision in the divorce judgment granting payments to the minor children in college during the summer months until they reached the age of 21 be eliminated. On May 11, 1972, plaintiff Sally Barbier filed a motion in the trial court seeking an order to clarify the divorce judgment. In this motion, plaintiff alleged that the son Douglas should be included in clauses IV and V of the divorce judgment.

As a result of these two motions, a hearing was held in the lower court on May 19, 1972. On May

22, 1972, the trial court issued an opinion denying defendant's motion to modify the judgment of divorce. The trial court, citing MCLA 722.54; MSA 25.244(54), stated that

"the so-called age of majority statute did not in any way alter the prior agreement or judgment entered by the court."

We agree with the trial court's disposition of defendant's motion to modify the divorce judgment. The Age of Majority Act of 1971 (MCLA 722.51 *et seq.;* MSA 25.244[51] *et seq.)* does not affect any right accrued before the act has taken effect. MCLA 722.54; MSA 25.244(54). The act took effect on January 1, 1972, and the rights accrued on the present divorce judgment were obtained on January 23, 1970. Therefore, it is clear that the Age of Majority Act of 1971 has no effect upon the divorce judgment as entered on January 23, 1970.

In addition, the trial court declared that

"the property settlement agreement which formed the basis for the judgment of divorce included provisions for the education of the children as a material part of the agreement."

Accordingly, the trial court held that all of the provisions in the judgment of divorce concerning "minor children" of the parties are applicable to all three children of the parties, including the son Douglas. We agree with the trial court's clarification of the divorce judgment to include the son Douglas in the support provisions. It is clear that the trial court has the power to clarify and construe a divorce judgment as long as it effectuates no change in the substantive rights of the parties. *Boucher v Boucher,* 34 Mich App 213, 219–220 (1971), and *Mitchell v Mitchell,* 307 Mich 366

(1943). A review of the record reveals that the trial court properly interpreted the divorce judgment and therefore, this Court will not disturb such an interpretation.

Affirmed, costs to plaintiff.