In re the Marriage of Willard E. WITT, petitioner, Appellant,

v.

Marjorie J. WITT, Respondent,

and

In re ESTATE OF Willard E. WITT, deceased, Appellant.

Nos. C5–83–1613, C7–83–1614.

Court of Appeals of Minnesota.

June 5, 1984.

Bruce G. Miller, Mankato, for appellant.

Jerome T. Anderson, Mankato, for respondent.

Heard, considered and decided by POPOVICH, C.J., PARKER and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is taken from a consolidation of two matters: (1) a judgment amending a dissolution decree made subsequent to the death of Willard Witt which obligated his estate to continue spousal maintenance after his death, and (2) an order allowing a claim of the obligee, Marjorie Witt, upon Willard Witt's estate for the maintenance. Willard Witt's estate appeals, contending that under Minn.Stat. § 518.54, subd. 3 (1980) the maintenance obligation is terminated because the original decree did not expressly provide for maintenance after his death. We reverse.

## ISSUE

Does a dissolution decree expressly provide for maintenance after the death of the obligor when it says that the obligor shall pay maintenance for so long as the obligee shall live, but does not provide a source from which the maintenance payments are to be made?

## FACTS

The marriage of Willard Witt and Marjorie Witt was dissolved after they had been married for 30 years. The dissolution decree provided that Willard Witt "shall pay to [Marjorie Witt] the sum of $350 per month for ... maintenance ... continuing for so long as [Marjorie Witt] shall live or until [Marjorie Witt] remarries."

Less than a year after the decree was issued, Willard Witt died leaving his second wife as his sole heir and devisee. Shortly after Willard's death, Marjorie filed a claim in probate court on Willard's estate for continuing spousal maintenance payments. The probate court issued an order provisionally denying the claim but allowing Marjorie 90 days to apply to the family

court for clarification of the dissolution decree. The family court ordered the dissolution decree amended to add the following: "and in the event that [Willard Witt] predeceases [Marjorie Witt], [Willard Witt's] obligation for maintenance shall remain a charge upon his estate." In an accompanying memorandum, the family court judge said it was his intention that Marjorie receive maintenance irrespective of the possible death of Willard, even though in the original decree the court did not expressly state the obligation for maintenance should continue after Willard's death.

The probate court then issued an order allowing Marjorie's claim and imposing a lien on Willard's real property to secure the post-death maintenance.

## ANALYSIS

The estate of Willard Witt contends the family court modified the dissolution decree and that the original decree did not expressly provide for payments of maintenance after death. The estate further contends that because the original decree did not expressly provide for maintenance after death, Willard's death terminated any obligation in accordance with Minn.Stat. § 518.64, subd. 3 (1980). Marjorie contends the trial court simply clarified the decree which expressly provided that maintenance continue after death of the obligor. We agree with appellant, the estate of Willard Witt, and reverse.

Marjorie's contention that the trial court merely clarified the decree is erroneous. Where a judgment is ambiguous or indefinite in its terms, a party can move for an order of interpretation and clarification and it is within the province of the court that ordered the judgment to clarify it. *Stieler v. Stieler*, 244 Minn. 312, 318, 70 N.W.2d 127, 131 (1955). Such a clarification does not constitute an amendment to the judgment. *Id.* at 319, 70 N.W.2d at 131. In this case, however, the respondent did not move for a clarification but rather an amendment. The family court responded by ordering an amendment to the judgment.

Minn.Stat. § 518.64 (1980) provides for the modification of orders or decrees with respect to maintenance. Subdivision 3 specifically states that the obligation to pay future maintenance is terminated upon the death of either party "unless otherwise agreed in writing or expressly provided in the decree...." Minn.Stat. § 518.64, subd. 3 (1980). This subdivision precludes an amendment to the decree made after the death of the obligor which extends an obligation to pay future maintenance. Thus, the amendment in this case is invalid.

The question remaining is whether the original decree expressly provided that maintenance continue after Willard's death and is thus permitted by Minn.Stat. § 518.64, subd. 3. We hold an expression such as "so long as obligee shall live" does not, without more, expressly provide for maintenance after the obligor's death. In order for a decree to expressly provide for maintenance subsequent to obligor's death, the decree must provide funding for the maintenance such as an insurance policy or a lien on property. *Cf. O'Brien v. O'Brien,* 343 N.W.2d 850, 853 (Minn.1984) (quoting *Arundel v. Arundel,* 281 N.W.2d 663, 667 (Minn.1979)). Without a provision for continued funding, the property division made by the court in the original dissolution decree lacked the necessary finality. Additionally, there is potential for a charge upon any property acquired by the obligor after entry of the dissolution decree.

In making this decision, we are mindful that some jurisdictions hold that phrases such as "continuing for so long as the obligee shall live" are sufficient to bind the obligor's estate after his or her death. We are not persuaded, however, that this phrase is sufficiently clear to provide the "express" provision required by Minn.Stat. § 518.64, subd. 3. In the words of the Alaska Supreme Court:

> We can agree that such phrase, broadly speaking, is susceptible of the construction sought to be attached to it. We cannot agree, however, that standing alone, it constitutes a manifestly "clear and unmistakeable" expression of judicial intent that the alimony obligation imposed by the decree was to become a continuing lien against the estate of [the obligor] in derogation of his testamentary rights.

*Bird v. Henke,* 65 Wash.2d 79, 82, 395 P.2d 751, 753 (1964).

Our decision in this case that the decree does not expressly provide for maintenance after Willard's death is supported by the original decree. The decree specifically notifies the parties that maintenance is based upon annual income. The trial court found that Willard's income was derived from two sources: his employment as a club manager and rental payments from real property he owned. The court further found the mortgage payments and taxes on the real property approximately equaled the rental income. Therefore, after Willard died, there was no annual income from which maintenance could be paid.

## DECISION

The original dissolution decree did not expressly provide that maintenance continue after the death of Willard Witt. Under Minn.Stat. § 518.64, subd. 3 (1980) the obligation to provide maintenance terminated upon his death. We therefore reverse the probate court's order allowing Marjorie Witt's claim upon Willard Witt's estate.

Reversed.