In re the Marriage of Loretta J. HANSON, Petitioner, Appellant,

v.

Gary S. HANSON, Respondent.

No. C4–85–1736.

Court of Appeals of Minnesota.

Dec. 31, 1985.

Alan Dorfman, Minneapolis, for petitioner, appellant.

William E. Haugh, Jr., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Loretta Hanson appeals from an amended dissolution judgment and decree of Dakota County District Court entered August 5, 1985. She contends that the trial court's amended judgment converting the award of furniture, household goods and personal property in the original judgment and decree to a cash award constituted an impermissible modification of the dissolution de-

cree and thus beyond the court's jurisdiction. We affirm.

## FACTS

Loretta and Gary Hanson were married in 1969. The original dissolution judgment and decree was entered on April 23, 1984, and incorporated a stipulation between the parties. It gave each party one-half of the personal property, furniture and household goods located in the homestead. The judgment awarded the homestead to appellant. Appellant and respondent had agreed upon the property division, and, in July of 1984, had the personal property appraised to assist in the division.

In September 1984, appellant moved to compel respondent to comply with various decree provisions not at issue here. Respondent moved the trial court to hold appellant in contempt for failure to divide the property pursuant to the decree. Following a hearing on these motions, the trial court ordered the parties to return to court in January, 1985, if they had not yet divided the property. The parties did not divide the property, and on April 29, 1985, respondent moved to convert his share of the personal property to a cash award. Appellant then moved for enforcement of decree provisions.

Following a May 25, 1985, hearing, a trial court granted appellant absolute title to all the personal property, and ordered her to pay respondent $23,778.25 in $1,000 monthly installments for his one-half interest in the property. However, no amended judgment and decree was entered at that time. Appellant appealed to this court for discretionary review of the May 21 order. Review was denied on July 16, 1985. The Court of Appeals ordered the trial court to enter an amended judgment.

The amended judgment and decree was entered August 5, 1985, and provided for property division pursuant to the May 21 order. In a memo accompanying the May 21 order, the court stated that awarding respondent his interest in the household goods in cash is "the only manner by which a court can fairly resolve the existing dis-

pute over the division of personal property owned by the parties." From this amended judgment, the appeal followed.

## ISSUE

Did the trial court abuse its discretion by amending the original judgment and decree and converting respondent's share of the personal property to a cash award after the appeal period from the original judgment had expired?

## ANALYSIS

■ Minn.Stat. § 518.58 (1984) authorizes a trial court to divide the parties' personal property in a dissolution action. Modification of such divisions is provided for by Minn.Stat. § 518.64, subd. 2 (1984), which provides:

[E]xcept for an award of the right of occupancy of the homestead, provided in section 518.63, all divisions of real and personal property provided by section 518.58 shall be final and may be revoked or modified only where the court finds the existence of conditions that justify reopening a judgment under the laws of this state.

It is settled that property divisions become final for the purposes of Minn.Stat. § 518.-64 once the time for appeal from the judgment and decree has expired. *Boom v. Boom,* 367 N.W.2d 536, 538 (Minn.Ct.App. 1985) *pet. for rev. denied,* June 27, 1985. *See Kiesow v. Kiesow,* 270 Minn. 374, 387, 133 N.W.2d 652, 662 (1965). This court held in *Arzt v. Arzt,* 361 N.W.2d 135, 136–7 (Minn.Ct.App.1985), that a trial court does not have authority to modify a property division after the original decree has been entered and the time for appeal expired.

■ The original judgment and decree was entered April 23, 1984. The time for appeal expired 90 days later. *See* Minn.R. Civ.App.P. 104.01. Respondent's motion was not filed until April, 1985, clearly in excess of the 90-day appeal period.

Appellant charges that the court's May 21 order converting respondent's award of

tables, chairs, lamps, pictures, etc. to cash "modified" the final division. Respondent contends the trial court merely clarified or implemented the provisions of the original judgment and decree.

In *Stieler v. Stieler,* 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955), the supreme court held that where the terms of a judgment are ambiguous or indefinite, upon a party's motion, the court that ordered the judgment may clarify or interpret it. *See also Witt v. Witt,* 350 N.W.2d 380 (Minn. Ct.App.1984). Such clarification does not constitute an amendment to the judgment. *Id.* at 381. In *Stieler,* the supreme court explained that a clarification does not result in a judgment different from that originally ordered, but serves only to express accurately the thoughts which the original judgment intended to convey. *Stieler,* 244 Minn. at 319, 70 N.W.2d at 132.

Although there are no Minnesota cases on implementation directly on point, we find direction from several Michigan decisions. *Greene v. Greene,* 357 Mich. 196, 98 N.W.2d 519 (1959); *Harbin v. Harbin,* 12 Mich.App. 320, 162 N.W.2d 822 (1968); and *Barbier v. Barbier,* 45 Mich.App. 402, 206 N.W.2d 464 (1973), all deal with implementation or enforcement of specific provisions of a divorce decree. In *Harbin,* the decree provided for sale of the homestead and the husband did not comply. The trial court had authority to appoint a personal representative to complete the sale.

In *Greene,* the original judgment and decree provided for husband to pay wife $8,000 in installments. Default provisions were also contained in the decree. The husband defaulted on the next to the last installment, but later tendered payment. The wife refused to accept the belated payment and asked the court to enforce the default provision of the decree, under which title to the property would vest in the two as tenants in common. The court refused and ordered the wife to accept the payments. The Michigan Supreme Court affirmed, stating:

[A] court of equity normally possesses inherent authority to enforce its own directives. This necessarily includes the exercise of some discretion in interpreting them; and where enforcement of a property settlement provision is sought in situations where the court in the original decree has directed that one of the parties perform specific acts, it is felt that the court necessarily reserves some latitude to construe the basic intent and purpose of the decreed directive, and may enter an appropriate supplemental order accordingly, despite the fact that the precise language of the original decree may not have spelled out exactly what was later found necessary to be done to achieve those broad purposes.

*Greene*, 357 Mich. at 202, 98 N.W.2d at 522.

*Barbier* held that a trial court has the power to clarify and construe a divorce judgment so long as it does not change the parties' substantive rights. *Barbier*, 45 Mich.App. at 404, 206 N.W.2d at 466.

In this case the court's order does not affect the division of personal property but changes the form of respondent's interest from goods to cash in order to fairly implement the decree. Neither party received more or less than each received under the original judgment and decree. The parties had sufficient time to physically divide the personal property. Because they were unable to do so, the court appropriately implemented the division. The trial court did not err in this enforcement of its own property division.

The trial court has broad discretion in dissolution property divisions, and will not be overturned absent a clear abuse of that discretion. *Reck v. Reck*, 346 N.W.2d 675, 678 (Minn.Ct.App.1984).

### DECISION

The trial court did not abuse its discretion by implementing the property division set out in the dissolution decree.

Affirmed.