**Diane M. RUUD, n.k.a. Diane M. Coppens, petitioner, Appellant,**

v.

**Charles A. RUUD, Respondent.**

**No. C9–84–2015.**

Supreme Court of Minnesota.

Jan. 31, 1986.

Rebecca H. Frederick, Edina, for appellant.

Terry L. Hegna, St. Paul, for respondent.

AMDAHL, Chief Justice.

By order of this court, Diane M. Ruud, n.k.a. Diane M. Coppens, has obtained further review of that portion of the Court of Appeals' decision dealing with Charles A. Ruud's spousal maintenance obligation. The majority of the panel reversed the trial court in this regard, essentially concluding that Diane's remarriage terminated Charles' obligation to make a $10,000 payment due according to the terms of the judgment and decree on May 15, 1984. *Ruud v. Ruud*, 372 N.W.2d 851 (Minn.App. 1985). We reverse in part and reinstate the decision of the trial court.

At the time of the dissolution, the parties stipulated to an award of spousal maintenance and a distribution of marital property, electing to characterize the first two $10,000 annual payments as maintenance and the final two payments as property distribution. The oral stipulation transcribed in the record is prefaced with the comment indicating the parties' intention that this arrangement was an integral part of the total property settlement. This interpretation is supported by the fact that the aggregate payments added to Diane's specific property distribution would approx-

imately equal the value of property awarded to Charles.

Therefore, we reverse that portion of the decision of the Court of Appeals reversing the trial court with regard to Charles' continuing obligation to make the $10,000 payment due May 1984. Our decision is based upon the true nature of the award, not the method of identification chosen by the parties in drafting their agreement. Minn. Stat. § 518.64, subd. 3 (1984) is therefore inapplicable to this proceeding.

Reversed in part with instructions for reinstatement of the trial court's decision directing payment by Charles Ruud.