**In re the Marriage of Yvonne R. GUNDERSON, Respondent,**

v.

**Kenneth R. GUNDERSON, Petitioner, Appellant.**

**No. C3–86–1334.**

Supreme Court of Minnesota.

July 10, 1987.

Arthur M. Albertson, Duluth, for Kenneth Gunderson.

Michael J. Talarico, Duluth, for Yvonne Gunderson.

Jill I. Frieders, Minneapolis, Joanne Thatcher Swanson, St. Paul, Kathleen Worner Kissoon, Lorraine S. Clugg, Lynne O. Haglund, Minneapolis, for amicus curiae.

YETKA, Justice.

This appeal is from a trial court order denying appellant Kenneth Gunderson's

motion, made subsequent to his former wife's remarriage, to terminate his obligation to pay her maintenance. The court of appeals affirmed the trial court's denial, 399 N.W.2d 570; we reverse.

In 1984, after 25 years of marriage, respondent Yvonne R. Gunderson (n.k.a. Yvonne R. Sheridan) and appellant Kenneth R. Gunderson sought a divorce. At the time, appellant, 45, worked for Duluth as a police officer. Respondent was employed as an Avon salesperson, but gained no net income from her position. Respondent suffered medical and psychiatric problems which prevented her from being fully self-supporting. However, she planned to undergo occupational training and become self-supporting within 3 years.

The parties' divorce decree followed the terms of an oral stipulation read into the record at a pretrial conference. Real estate and other property, including appellant's future pension, were split evenly between the two parties. The decree also required appellant to pay maintenance as follows:

> 9. That respondent shall pay to petitioner, for and as rehabilitative maintenance, the sum of $300.00 per month, commencing May 1, 1984, and continuing for 42 months thereafter. That upon expiration of the said 42 month period, all further maintenance shall be terminated. Said monthly payments shall be made in two equal installments on the 1st and 15th of each month, and shall be paid directly to petitioner.

On February 2, 1986, respondent remarried. Soon afterwards, appellant filed a motion to have the maintenance provisions of the divorce decree terminated. The trial court denied this motion. The court of appeals affirmed the lower court, and this appeal followed. Respondent has failed to file a brief or be represented by counsel on appeal.

Minn.Stat. § 518.64, subd. 3 (1986) provides that: "Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance." The court of appeals rejected appellant's argument that this statute automatically relieved him of his obligation to pay maintenance upon the remarriage of his wife. The lower court noted that the divorce decree established maintenance in unconditional terms. The court also referred to the trial court's finding, based on the parties' negotiations and their prehearing stipulation, that they had intended maintenance to continue unconditionally. We believe the court of appeals erred in finding that either or both of these facts satisfied Minn.Stat. § 518.64, subd. 3.

Section 518.64, subdivision 3 requires that a decree state *expressly* that maintenance will continue beyond remarriage. The decree involved here did not. This absence is not remedied by evidence that the parties intended maintenance to continue unconditionally. The court of appeals correctly noted that a stipulated agreement fixing parties' maintenance rights and obligations is important to the subsequent judicial review of a divorce decree whose terms reflect that stipulation. *See Claybaugh v. Claybaugh*, 312 N.W.2d 447, 449 (Minn. 1981). However, evidence of how parties view a maintenance obligation, whether taken from negotiations or a stipulation, is irrelevant to the issue of whether maintenance should continue past remarriage given section 518.64, subdivision 3's requirement that any such provision be positively expressed in the decree. If a decree does not reflect the understanding of the parties regarding maintenance, the solution is to amend the decree.

Minn.Stat. § 518.64, subd. 3 also allows maintenance to continue past remarriage if the parties have so agreed in writing. Conceivably, a written stipulation could serve this purpose. In this case, the transcript of the March 29, 1984 pretrial hearing, where the parties' stipulated agreement was set out, is not officially part of the record

before this court.[1] However, we note that this oral stipulation, as revealed by the transcript, would not, in any case, satisfy the statute.

Respondent ended her first marriage of 25 years with little or no personal ability to earn an income. Absent Minn.Stat. § 518.-64, subd. 3, equitable principles may well have entitled her to maintenance for the full 42 months stipulated. However, we decline to abrogate Minn.Stat. § 518.64, subd. 3 by judicial fiat. The statute appears clear and unambiguous to us, and we must enforce it.

The trial court and the courts of appeals are thus reversed and the case is remanded to the trial court with instructions to enter an order terminating maintenance effective with the date of respondent's remarriage.

---

1. Respondent failed to make the March 29, 1984 transcript available to the court of appeals, apparently believing it was unnecessary for his argument. Belatedly, the transcript was filed as part of the record before this court. We condemn such action. It is the duty of counsel to provide the court of appeals with a complete record on the issues counsel will argue on appeal. The court feels no obligation to consider this tardy supplement to the record, especially where, as here, the initial failure to provide a transcript was a strategic decision of counsel.