Myra Jo PETERSON, f/k/a Myra Jo Lobeck, Respondent,

v.

Terry E. LOBECK, Appellant.

No. C5–87–1426.

Court of Appeals of Minnesota.

March 22, 1988.

Patricia O'Gorman, Cottage Grove, for respondent.

Paul Nelson, St. Paul, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from a trial court order denying appellant Terry Lobeck's motion to terminate spousal maintenance and to offset, from respondent Myra Jo Peterson's lien interest in the couple's homestead, the amount of all maintenance payments made following his wife's remarriage. We reverse.

## FACTS

The marriage of Myra Jo Peterson, f/k/a Myra Jo Lobeck (wife) and Terry E. Lobeck (husband) was dissolved by a court order dated May 6, 1981. Under the terms of the dissolution decree, wife received a lien interest on the couple's homestead which was to be satisfied upon the couple's younger child reaching age 18, an event which occurred on August 22, 1986. The parties have stipulated that on August 22, 1986, wife's lien interest had a value of $22,838.89.

The dissolution decree also provided that husband was to pay wife maintenance of $150 per month for 48 months or until she completed her bachelor's degree. Neither the dissolution decree nor any other writing expressly provided that maintenance payments were to continue following wife's remarriage. Wife remarried approximately one month after the couple's dissolution and has received $5,600 in spousal maintenance since her remarriage.

The trial court rejected husband's contention that his spousal maintenance obligation terminated upon wife's remarriage and that wife's lien interest on the couple's homestead should be offset by the amount of spousal maintenance wife received following remarriage.

## ISSUES

1. Did the trial court err in holding that wife's remarriage did not terminate husband's spousal maintenance obligation?

2. Did the trial court err in holding that amounts owed to wife pursuant to the couple's property settlement could not be offset by the amount of husband's overpayment of spousal maintenance?

## ANALYSIS

Minn.Stat. § 518.64, subd. 3 (1986) provides that:

> Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

■ The statute is clear. Absent a written agreement or dissolution decree to the contrary, spousal maintenance terminates upon remarriage. *Gunderson v. Gunderson,* 408 N.W.2d 852, 853 (Minn. 1987). Since neither the dissolution decree nor any other written agreement provided that maintenance was to continue following remarriage, husband's spousal maintenance obligation terminated upon wife's remarriage. Consequently, husband has a right to the return of payments made to wife following her remarriage or to an offset of these payments against amounts owed to wife.

■ Wife argues that Minn.Stat. § 518.64, subd. 3 does not apply in this case because the payments she received were part of a property settlement and were only characterized as spousal maintenance for tax purposes. *See Ruud v. Ruud,* 380 N.W.2d 765, 766 (Minn.1986). The record does not indicate that spousal maintenance payments were intended as an integral part of the total property settlement. In addition, none of the usual indications of a disguised property settlement are present.

■ Wife also contends that any attempt to offset her lien interest in the couple's homestead would be an impermissible modification of the couple's property settlement. Minn.Stat. § 518.64, subd. 2 (1986) provides that divisions of property made as part of a marriage dissolution settlement are final and may not be modified unless conditions justify reopening the judgment. Here, husband does not seek to modify or revoke the couple's property settlement but simply attempts to recover payments he erroneously made to wife.

## DECISION

The trial court erred in denying husband's motion to terminate spousal maintenance and in refusing to offset from wife's lien interest the amount of spousal maintenance payments wife received following remarriage.

Reversed.