In re the Marriage of Vicki Kay GRAFF,
n/k/a Vicki Kay Sidwell, Petitioner,
Respondent,

v.

Michael G. GRAFF, Appellant.

No. C0–91–317.

Court of Appeals of Minnesota.

July 16, 1991.

Review Denied Sept. 13, 1991.

Lawrence H. Crosby, Clem & Crosby,
Minneapolis, for respondent.

Ronald D. Ousky, Jean Elizabeth Boos,
Krause & Rollins, Minneapolis, for appellant.

Considered and decided by PARKER,
P.J., AMUNDSON, and MULALLY *, JJ.

OPINION

PARKER, Judge.

This appeal is from a January 22, 1991,
amendment to a June 1989 amended judgment and decree. Appellant Michael Graff
challenges the trial court's reduction of the
amount of his lien on the marital home—

---

* Retired judge of the district court, acting as
judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

stead. The reduction was made to offset obligations which were assigned to Michael in the original judgment but were, by necessity, paid by respondent Vicki Graff. We affirm.

## FACTS

Michael and Vicki Graff were married in 1981. Three children, now ages nine, seven and four, were born of the marriage. Their divorce action was commenced in 1987, and the original judgment and decree was entered in February 1989.

Michael is now 45 years old. He is employed by a solely owned corporation which elects to be taxed pursuant to subchapter S of the Internal Revenue Code. He also owns 50 percent of the St. Anthony Park Mental Health Clinic. He is a social worker and a practicing psychotherapist.

Vicki is a teacher by profession, licensed in Minnesota. At the time of the divorce she was a full-time homemaker. The trial court awarded her temporary spousal maintenance so she could remain at home until the youngest child starts school full time in September 1993.

The original decree awarded the parties' homestead to Vicki, subject to a $136,250 lien in favor of Michael at four percent per annum, payable when the youngest child reaches age 18 or when the property is sold, whichever occurs first. It also required Michael to pay the 1987 tax liability from his separately filed income tax returns.

Michael was unable to satisfy the income tax debt. In April 1989 the I.R.S. filed a tax lien against his interest in the homestead. Vicki, fearing that her interest in the homestead was threatened, requested protection by the trial court. The trial court, by order dated May 15, 1990, provided a formula for calculating a reduction in Michael's lien on the homestead if Vicki paid the tax levy. On June 23, 1990, she paid $41,092.03 to remove the tax levy. On January 22, 1991, the trial court amended the judgment and decree to reduce his homestead lien from $136,250 to $33,960.31. This appeal followed.

## ISSUES

1. Does this court have jurisdiction to consider an appeal from the January 18, 1991, judgment?

2. Did the trial court err by making a post-decree modification of a final property division?

## DISCUSSION

### I

■ Vicki argues that this court lacks jurisdiction to consider this appeal because it should have been taken from a May 15, 1990, order which provided that she would receive an offset of part of Michael's lien on the homestead if she paid the tax debt for which he was responsible. She argues that the issue was settled when he failed to appeal from the May 15, 1990, order and that appeal from the January 18, 1991, judgment is ineffective because it merely implements the provisions of the previous order.

We disagree. Even though the May 1990 order was reduced to judgment, it was conditional. Michael was not harmed by that order; he retained the right to pay the tax debt and thereby avoid the consequences of Vicki making the payments. *See McLaughlin v. City of Breckenridge,* 122 Minn. 154, 155–56, 141 N.W. 1134 (1913) (service of notice of the filing of a conditional order before compliance with the conditions is ineffectual as a limitation of the time to appeal); *Swanson v. Andrus,* 84 Minn. 168, 170–71, 87 N.W. 363, 364 (1901) (an order granting a defendant's motion for a new trial unless the plaintiff agrees to a remittitur, but denying the motion if the plaintiff agrees, does not become final and appealable as to the defendant unless and until the plaintiff complies with the conditions within the time limit). We hold that this court has jurisdiction to hear Michael's appeal.

### II

■ Except in cases of fraud or mistake, property divisions are final and not subject to modification. Minn.Stat. § 518.64, subd.

2(d) (1990); *Kerr v. Kerr,* 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976); *Ciriacy v. Ciriacy,* 431 N.W.2d 596, 600 (Minn.App. 1988). *See also Bone v. Bone,* 438 N.W.2d 448, 452 (Minn.App.1989) (property divisions in dissolution actions are final upon expiration of 90-day appeal period). However, in some situations a reallocation of debts and assets may be appropriate if necessary to *implement* the provisions of the original judgment. *Hanson v. Hanson,* 379 N.W.2d 230 (Minn.App.1985).

In *Hanson* this court upheld a challenge to an amended decree that gave the appellant absolute title to all personal property and ordered her to pay the respondent $23,-778.25. *Id.* at 231. The original decree awarded each party one-half of the personal property. The parties' inability to agree on a division necessitated an amendment. *Id.* This court reasoned the amendment was necessary to implement the original decree:

> In this case the court's order does not affect the division of personal property but changes the form of respondent's interest from goods to cash in order to fairly implement the decree. Neither party received more or less than each received under the original judgment and decree. The parties had sufficient time to physically divide the personal property. Because they were unable to do so, the court appropriately implemented the division. The trial court did not err in this enforcement of its own property division.

> The trial court has broad discretion in dissolution property divisions, and will not be overturned absent a clear abuse of that discretion.

*Id.* at 233.

Similarly, in *Peterson v. Lobeck,* 421 N.W.2d 367 (Minn.App.1988), this court held that to offset a lien against a homestead to recover an overpayment of spousal maintenance would be permissible and not an improper modification of the original property settlement. *Id.* at 368. This court reasoned that the husband had not sought a modification, but merely wanted to recover payments he erroneously made to his former wife. *Id.*

In this case the June 1989 amended decree provided that Vicki would receive the homestead, subject to a lien in favor of Michael. It also provided that he would be responsible for paying the debt owed to the I.R.S. For whatever reasons, the debt was not paid, a tax lien was filed, and the I.R.S. began proceedings to sell his lien interest.

Vicki, fearing her interest in the homestead was also threatened, sought relief from the trial court. She originally sought elimination of his lien and finally proposed a formula for computing a reduction. The trial court did not accept her proposal or agree entirely with the referee's recommendation. The trial court reduced the proposed discount rate from 12 percent, as recommended by Vicki, to 10 percent. She then paid the tax debt on behalf of Michael to protect her interest in the homestead. Following her payment of the tax debt, the trial court implemented its conditional order by amending the 1989 judgment to offset the amount Vicki paid on Michael's behalf from his original lien interest.

We do not believe that the trial court abused its discretion by modifying a final judgment; the court merely recognized that it was impossible to implement the original decree in its original form and reallocated the assets and debts to make it possible to enforce the judgment. As in *Hanson,* Michael does not argue that the value of the property division has been affected. The amended decree changes the form of his interest from a lien and a substantial debt to a greatly reduced lien and relief from paying the debt. Neither party received more or less than each received in the original decree. It should be noted that Michael offered no evidence in opposition to the proposed mathematical computation for reduction of the lien. The trial court properly exercised discretion in enforcing the original property division.

Affirmed.