**In Re the Marriage of Ardith E. TELMA, Petitioner, Appellant,**

v.

**Robert J. TELMA, Respondent.**

**No. C1-90-2373.**

Supreme Court of Minnesota.

Aug. 30, 1991.

John H. McLoone, IV, McLoone Law Offices, Waseca, for appellant.

Robert E. Schmidt, Schmidt Law Office, Ltd., Waseca, for respondent.

KEITH, Chief Justice.

We granted the petition of Ardith Telma to review an unpublished opinion of the court of appeals by which a majority of the three-judge panel reversed the trial court and directed the termination of spousal maintenance effective retroactively to July 1, 1990. We reverse.

At issue is a coordinated reading of specific provisions of the parties' stipulations, with regard to the amount, duration and termination of a spousal maintenance award as incorporated in the judgment and decree of marital dissolution, and Minn. Stat. § 518.64, subd. 3 (1988) which states: "Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance."

By virtue of the parties' agreement, Ardith was to receive spousal maintenance in the amount of $1,200 per month for 5 years; the termination of the award was limited to the earlier of two stated contingencies—the expiration of the 5–year period or the time when Ardith's adjusted gross income exceeded $30,000 per year. Robert specifically waived "any right he may have under Minn.Stat. § 518 (sic) and applicable case law to petition this Court for modification of his obligation to pay maintenance, either as to amount or duration or termination."

When Ardith remarried, Robert moved the district court to terminate spousal maintenance pursuant to Minn.Stat. § 518.-64, subd. 3 (1988). While the district court denied the motion, a majority of the court of appeals' panel reversed.

In our view, the trial court correctly interpreted and enforced both Robert's unequivocal waiver of his right to seek a modification of the spousal maintenance award and that portion of the agreement authorizing a termination of the award on the occurrence of either of two specific events, neither of which was Ardith's remarriage. While in *Gunderson v. Gunderson*, 408 N.W.2d 852 (Minn.1987), we stated that Minn.Stat. § 518.64, subd. 3 required that a marital dissolution decree state expressly that maintenance will continue beyond remarriage, we did not foreclose the consideration of clear written expressions of the parties' intention in this regard as ascertained from their agreement as a whole. Here, we conclude that the parties' agreement has been clearly expressed and must be enforced. *See also Karon v. Karon*, 435 N.W.2d 501 (Minn.1989).

Reversed.