In re the Marriage of:

**Marilyn Ann POEHLS, now known as Marilyn Ann Bjerke, Petitioner, Respondent,**

v.

**Harlen Harold POEHLS, Appellant.**

**No. C4–93–261.**

Court of Appeals of Minnesota.

June 29, 1993.

Zenas Baer, Randall Knutson, Wefald & Baer, Hawley, for respondent.

Craig E. Johnson, Joe A. Johnson, Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, ND, for appellant.

Considered and decided by CRIPPEN, P.J., and KALITOWSKI and SCHULTZ, JJ.

**OPINION**

HAROLD W. SCHULTZ, Acting Judge.*

This is an appeal from the trial court's determination that remarriage did not terminate spousal maintenance obligations. We reverse.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

After trial and without written or oral stipulation, Marilyn and Harlen Poehls' 33–year marriage was dissolved pursuant to a judgment and decree entered by the trial court in June 1991. The decree required appellant provide permanent spousal maintenance until the death of either party or until further order by the court.

Respondent remarried in August 1992 and appellant commenced an action to terminate his obligation for maintenance pursuant to Minn.Stat. § 518.64, subd. 3 (1992). The trial court denied appellant's motion, finding that the decree contained a clear expression of the court's intention to make the maintenance permanent, thereby complying with the mandate of Minn.Stat. § 518.64, subd. 3 (1992).

## ISSUE

Was the trial court correct in determining that the divorce decree expressly provided for continuing spousal maintenance even in the event of remarriage under the requirements of Minn.Stat. § 518.64, subd. 3 (1992)?

## ANALYSIS

Generally, the trial court is given broad discretion with respect to an award of spousal maintenance and this court will not reverse unless the trial court decision is clearly erroneous. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984). This appeal, however, specifically involves the operative effect of language contained in Minn.Stat. § 518.64, subd. 3 (1992). Interpretation and application of statutory language to established facts is a question of law for the court. *See Meister v. Western Nat'l Mut. Ins. Co.*, 479 N.W.2d 372, 376 (Minn. 1992).

Minn.Stat. § 518.64, subd. 3 provides:

Unless otherwise agreed in writing or *expressly provided in the decree,* the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

(Emphasis added.) Few Minnesota cases have expounded on precisely what language in a divorce decree is sufficient to rebut the presumption of maintenance termination because of remarriage created by Minn.Stat. § 518.64, subd. 3. It is clear, however, that the language must be express. In *Gunderson v. Gunderson*, 408 N.W.2d 852 (Minn.1987), the decree stated

respondent shall pay to petitioner, for and as rehabilitative maintenance, the sum of $300.00 per month, commencing May 1, 1984, and continuing for 42 months thereafter.

*Id.* at 853. Respondent remarried before the 42–month maintenance period had passed and, despite the seemingly unconditional terms of the decree, the supreme court held that Minn.Stat. § 518.64, subd. 3, terminated the obligation. The court noted:

Section 518.64, subdivision 3 requires that a decree state *expressly* that maintenance will continue beyond remarriage. The decree involved here did not.

*Gunderson*, 408 N.W.2d at 853 (emphasis in original).

Respondent contends that *Gunderson* is inapposite because this decree involved "permanent" rather than "rehabilitative" maintenance. In addition, respondent asserts that the precedential value of *Gunderson* has been limited by the recent decision in *Telma v. Telma*, 474 N.W.2d 322 (Minn.1991). We do not find these arguments to be persuasive.

A designation of "permanent maintenance" is a term of art which places the burden on the spouse obligor to demonstrate that a maintenance award should be lessened or terminated due to changed circumstances. *See Musielewicz v. Musielewicz*, 400 N.W.2d 100, 104 (Minn.App.1987), *pet. for rev. denied* (Minn. Mar. 25, 1987). In this context, the trial court's use of the word "permanent" to identify the type of maintenance awarded does not constitute express language effectively continuing maintenance past remarriage as is required by Minn.Stat. § 518.64, subd. 3.

We also decline to read the *Telma* decision as substantially abrogating the legisla-

tive directive of Minn.Stat. § 518.64, subd. 3. In *Telma,* the parties' agreement provided that petitioner was to receive maintenance for five years, terminable at the earlier of two contingencies: (1) the expiration of five years, or (2) the time when petitioner's adjusted gross income exceeded $30,000 per year. *Telma,* 474 N.W.2d at 323. Significantly, respondent specifically waived any right to seek modification under chapter 518. *Id.* The supreme court found that petitioner's remarriage did not terminate the maintenance obligation because of his unequivocal waiver, and because of "that portion of the agreement authorizing a termination of the award on the occurrence of either of two specific events, neither of which was [petitioners'] remarriage." *Id.* The court noted:

> While in [*Gunderson*] we stated that Minn.Stat. § 518.64, subd. 3 required that a marital dissolution decree state expressly that maintenance will continue beyond remarriage, we did not foreclose the consideration of clear written expressions of the parties' intention in this regard as ascertained from their agreement as a whole.

*Id.*

The parties have not waived any rights to seek modification in this case and no clear written expression of the parties' intentions regarding remarriage appears in the record. In these circumstances, consistent with *Gunderson,* we must enforce Minn.Stat. § 518.64, subd. 3 as written. Accordingly, we hold that respondent's remarriage terminates appellant's spousal maintenance obligation.

## DECISION

Because the trial court's decree did not expressly provide that spousal maintenance was to continue beyond remarriage, we reverse the trial court and apply Minn.Stat. § 518.64, subd. 3, to terminate appellant's obligation to pay future maintenance.

**Reversed.**