*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2071**

In re the Marriage of:
Lori Austin Sager, petitioner,
Appellant,

vs.

Rene Gerold Sager,
Respondent.

**Filed July 20, 2015
Affirmed
Kirk, Judge**

Washington County District Court
File No. 82-FA-11-1669

Suzanne M. Remington, Blaine L.M. Balow, Hellmuth & Johnson, PLLC, Edina, Minnesota (for appellant)

David K. Snyder, Forest Lake, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Connolly, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant-wife challenges the district court's order holding respondent-husband's spousal maintenance terminated after death based on the parties' stipulated judgment and decree. We affirm.

## FACTS

In March 2011, after a 21-year marriage, Lori Austin Sager petitioned for dissolution of her marriage from Rene Gerold Sager. The parties have three children, one of whom, A.S., is a minor diagnosed with autism. The parties reached agreement on all issues and entered into a stipulation. In March 2012, the district court entered a judgment and decree dissolving the parties' marriage and incorporating the terms of the stipulation into the judgment.

The stipulated judgment and decree stated that beginning on November 1, 2011, husband would pay wife permanent spousal maintenance in the amount of $2,250 per month. Paragraph 13 of the conclusions of law of the judgment and decree concluded that husband's spousal-maintenance obligation "shall continue until the earliest of the death of either party, remarriage of [w]ife, or further [o]rder of the [c]ourt."

Paragraph 15 required husband to maintain a life insurance policy to meet his child-support and spousal-maintenance obligations as follows:

> As long as [h]usband has child support and/or spousal maintenance obligations to [w]ife, he shall maintain a policy of insurance on his life, naming [w]ife or a trust as the primary beneficiary thereon with a death benefit at least sufficient to fund his remaining child support and/or spousal maintenance obligations.
>
> Within thirty (30) days after entry of the [j]udgment and [d]ecree, [h]usband may establish a trust and designate the trust as the beneficiary of the life insurance coverage on behalf of the children. The terms of the trust shall specifically direct the trustee to use the proceeds for the payment of [h]usband's obligations under the terms of the [j]udgment and [d]ecree until the funds are exhausted. If there are sufficient funds in the trust for payment of

[h]usband's obligations under the terms of this [j]udgment and [d]ecree, any excess life insurance proceeds may be paid to such other beneficiaries as [h]usband may designate. . . .

. . . .

If, in the event of [h]usband's death, it is determined that [h]usband has failed to maintain life insurance in accordance herewith, [w]ife shall have a claim against [h]usband's estate in an amount sufficient to fund his remaining child support and/or spousal maintenance obligations.

Husband purchased life insurance coverage through UnitedHealth Group with a death benefit value of $280,000. The primary beneficiaries of the life insurance policy included wife, who was designated to receive 10%, and his two now adult children, A.S. and T.S., who would each receive 45%.

In 2012, husband became unemployed and in January 2013 the district court filed the parties' stipulated order discontinuing and reserving spousal maintenance. In March 2013, husband secured new employment and the district court filed the parties' stipulated order requiring husband to pay wife $2,250 per month in spousal maintenance from April 1, 2013, to June 30, 2013, $2,100 per month from July 1, 2013, until July 1, 2016, and $2,250 thereafter. In 2013, husband was diagnosed with terminal brain cancer. In 2014, husband executed a last will and testament and revocable trust agreement, giving his entire estate in the form of a supplemental needs trust to A.S. Neither the last will and testament nor the supplemental needs trust provided any post-death spousal maintenance to wife.

In April and August 2014, the parties filed cross motions with the district court, requesting modifications to parenting time, child support, spousal maintenance, and the life insurance beneficiary designation. Relevant to this appeal, wife requested that the district court order husband to name her as the primary and sole beneficiary of the UnitedHealth Group life insurance policy. Husband opposed wife's motion and submitted or filed an affidavit in which he explained that he had designated wife to receive $28,000 in order to meet and exceed his monthly child-support obligation and financially provide for A.S. until he turned 20.

After a hearing, the district court issued an order denying wife's motion. The district court found that husband "ha[d] exercised his right under the terms of the [judgment and decree] to create a trust to secure his child support and spousal maintenance obligations; however, upon death, [husband's] spousal maintenance obligation to [wife] ceases to exist. Minn. Stat. § 518A.39, subd. 3 [2014]." Husband passed away in 2015.

Wife appeals.

## D E C I S I O N

An appellate court reviews a district court's maintenance award under an abuse of discretion standard. *Dobrin v. Dobrin*, 569 N.W.2d 199, 202 (Minn. 1997). "Findings of fact concerning spousal maintenance must be upheld unless they are clearly erroneous." *Gessner v. Gessner*, 487 N.W.2d 921, 923 (Minn. App. 1992). Absent ambiguity, it is not proper for a court to interpret a stipulated judgment. *Starr v. Starr*, 312 Minn. 561, 562-63, 251 N.W.2d 341, 342 (1977). "[The appellate courts] review[] questions of law

4

related to spousal maintenance de novo," *Melius v. Melius*, 765 N.W.2d 411, 414 (Minn. App. 2009), including questions regarding statutory interpretation and jurisdiction, *Gossman v. Gossman*, 847 N.W.2d 718, 721 (Minn. App. 2014).

Wife argues that the plain language of paragraph 15 of the judgment and decree clearly demonstrates the parties' intent to secure husband's post-death spousal-maintenance obligation through a life insurance policy, and that she should be named as the primary beneficiary of the policy. In support of her position, wife relies on *Witt v. Witt*, 350 N.W.2d 380, 382 (Minn. App. 1984), and *Head v. Metro. Life Ins. Co.*, 449 N.W.2d 449, 454-55 (Minn. App. 1990), *review denied* (Minn. Feb. 21, 1990), two cases where we held that in order for a divorce decree to provide spousal maintenance after the obligor's death, it must be secured with a life insurance policy or a lien on property. Both *Witt* and *Head* are distinguishable from the instant case because the dissolution decrees in both cases provided that husband was obligated to pay maintenance until the *wife's* death or remarriage. *See Witt*, 350 N.W.2d at 381 (dissolution decree stating that husband was required to pay wife spousal maintenance "continuing for so long as [wife] shall live or until [wife] remarries"); *Head*, 449 N.W.2d at 451 (dissolution decree stating that wife was awarded spousal maintenance "until her death or remarriage").

Wife's argument is unavailing for two reasons. First, the judgment and decree clearly contemplates spousal maintenance ending upon the death of either party. Section 518A.39, subdivision 3, creates a rebuttable presumption that spousal maintenance terminates upon the death of either party or upon the remarriage of the party receiving maintenance. *Poehls v. Poehls*, 502 N.W.2d 217, 218 (Minn. App. 1993). Under this

5

statute, a marital dissolution judgment and decree must "state *expressly* that maintenance will continue beyond remarriage." *Gunderson v. Gunderson*, 408 N.W.2d 852, 853 (Minn. 1987). A stipulated agreement that "fix[es] parties' maintenance rights and obligations is important to the subsequent judicial review of a divorce decree [which] terms reflect that stipulation." *Id.*

When a dissolution decree lacks a clear written expression of the parties' intention to continue spousal maintenance after the death of the obligor, we must enforce section 518A.39, subdivision 3, as written. *See Poehls*, 502 N.W.2d at 219 (holding ex-wife's remarriage ended ex-husband's spousal-maintenance obligation under the statute, as decree did not expressly state that maintenance was to continue after remarriage). Here, as the judgment and decree does not expressly state that spousal maintenance continues after the death of husband, we conclude that the district court did not err in ruling that his spousal-maintenance obligation did not continue after the death of either party under Minn. Stat. § 518A.39, subd. 3.

Second, husband complied with the requirements of the judgment and decree to secure his child-support and spousal-maintenance obligations through a life insurance policy. We conclude that the language of the judgment and decree is unambiguous. *See Starr*, 312 Minn. at 562-63, 251 N.W.2d at 342. Paragraph 15 is silent as to the policy's death benefit amount and it does not require husband to name wife as the primary sole beneficiary of the policy. Hence, the district court did not err in ruling that husband satisfied the decree's requirements by creating a supplemental needs trust to support his continuing child-support obligation to A.S.

6

Because we hold that spousal maintenance effectively terminates upon the death of either party under the parties' judgment and decree, we do not reach wife's argument regarding whether husband's trust secured his post-death spousal-maintenance obligations to her.

**Affirmed**.