## O. D. SELL v. HENRY LENZ.[1]

June 3, 1921.

No. 22,234.

**Sale — construction of phrase, "invoice price."**

     A written memorandum of contract for the sale of a stock of mer chandise, construed in connection with the oral negotiations between the parties leading up to the sale and their acts and conduct in completing the transaction after the memorandum was prepared and signed, *held* to make the retail or inventory price of the goods and not the wholesale or invoice price the basis for the computation of the purchase price.

Action in the district court for Carver county to recover $1,036.83, balance due on the price of merchandise. The facts are stated in the opinion. The case was tried before Tifft, J., who at the close of the testimony granted plaintiff's motion for a directed verdict. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1]Reported in 183 N. W. 135.

*Francis Muekel,* for appellant.

*W. C. & W. F. Odell,* for respondent.

BROWN, C. J.

Action to recover a balance claimed to be due plaintiff on the purchase price of a stock of goods sold to defendant. At the conclusion of the trial the court directed a verdict for plaintiff for the amount claimed, and defendant appealed from an order denying a new trial.

It appears that the plaintiff owned and conducted a general mercantile business at Mayer, a small village in Carver county. Defendant owned and operated at the same place a barber shop with attached confectionery department. Defendant sought to extend his business, and proposed to buy the mercantile business of plaintiff. He approached plaintiff on the subject, and after some discussion offered to buy his stock and to pay therefor 95 per cent of the inventory price. The offer was not at first accepted by plaintiff, and was again renewed, as testified to by defendant, in the following language: "I repeated the deal over again, I told him, now I says, let it be understood that we will pay you 95 cents on the dollar inventory prices, and you furnish the invoice." Plaintiff finally accepted the offer, and the parties later reduced the agreement to the following brief writing, namely: "I, Otto D. Sell, party of the first part, do agree to sell my stock of merchandise to Henry Lenz, party of the second part, for 95c on the dollar invoice price."

The parties thereafter joined in taking an inventory of the stock, entering in stock books kept by each as the work progressed the various items of goods, together with the selling prices as appeared from tags attached to the different articles. The total value of the goods thus shown was over $4,000. On the completion of the inventory defendant made a payment of $2,000; a week later a further payment of $1,200, leaving a balance due of the sum of $1,036.83. This he subsequently refused to pay, and this action followed.

The sole defense interposed on the trial was that the invoice or cost price to plaintiff as the goods were billed to him by the wholesale houses was by the written memorandum of sale made the basis for the ascertainment of the amount to be paid by defendant, and not the local or retail

prices at which plaintiff had marked and sold the goods. This was controverted by plaintiff.

The trial court ruled, after hearing all the evidence, that the parties in closing the transaction intended to make the retail or inventory prices the basis for ascertaining the purchase price, and that 95 cents on the dollar of the total invoice, after deducting payments, left as a balance the amount claimed in the complaint, for which a verdict was directed for plaintiff. We concur in that view of the case.

The intention of the parties must control the question, not the technical legal meaning of the term "invoice price" as used in the memorandum of sale. The evidence taken as a whole, together with the acts and conduct of the parties, the language employed in the preliminary negotiations, their act in taking the inventory of the goods and recording therein the retail prices, without any claim or suggestion that the wholesale prices should be ascertained, lead quite conclusively to the view that the wholesale or invoice prices were not in the mind of the parties at all in closing the sale. The inventory taken and recorded in the books in the manner stated was joined in by plaintiff and defendant and their wives, aided by two representatives of wholesale concerns who participated, as the evidence tends to show, at the instance of defendant. No suggestion or claim was made during the taking of the inventory that wholesale prices of the articles should be produced, and the retail or selling price was alone taken into account; all present acted on that as the theory and intent of the contract. At the conclusion of the work defendant expressed satisfaction, made a payment of $2,000 on the purchase price, and an additional payment a week or so later of the sum of $1,200, then promising to pay the balance in a few days. He subsequently discovered in the inventory taken some errors as to values there recorded, not of importance here, and consulted a lawyer, who evidently advised him that the expression "invoice price," as used in the memorandum of sale, meant the wholesale cost of the goods, within the legal definition of the term. The advice of counsel, from the viewpoint of the written memorandum standing alone, was correct. But it is clear, from the facts stated, of which counsel was not advised, that the parties in entering and completing the transaction did not have that rule in mind, and proceeded on the theory that the sale was on the basis

of 95 cents on the dollar of retail prices; they so inventoried the stock. There was nothing to submit to the jury.

Order affirmed.