RICHARD L. ELLIOTT AND ANOTHER v.
MILDRED D. MITCHELL AND ANOTHER.

249 N. W. 2d 172.

December 10, 1976—No. 46467.

*Gislason, Dosland, Hunter & Malecki* and *Daniel A. Gislason,* for appellants.

*Russell W. Bledsoe, Quarnstrom, Doering, Pederson, Leary & Murphy,* and *W. P. Quarnstrom,* for respondents.

Heard before Todd, MacLaughlin, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal by the plaintiffs, Richard and Janet Elliott, from a judgment entered against them in district court denying their claims for specific performance of an alleged contract for the conveyance of real estate and damages of $5,000, or damages of $35,000. The sole issue on appeal is whether there was sufficient evidence adduced at trial to support the findings of the trial court, sitting without a jury. We affirm.

Early in September 1973, plaintiff Richard Elliott conferred via telephone with defendant William Mitchell regarding the possible purchase of an 80-acre tract of land owned by Mitchell and located in Redwood County, Minnesota. Elliott was at his home in McIntire, Iowa, while Mitchell was at his home in Los Angeles, California.

Both parties testified that they discussed the terms of the proposed contract for sale, including price, method and time of payment, type of deed, date of closing, payment of taxes and assessments, and the right of Elliott, as purchaser, to connect to drainage lines on other prop-

erty owned by Mitchell. One additional term was discussed, upon which agreement was not reached. The property in question was being farmed by a tenant. The parties discussed, but apparently did not agree upon, which of them would pay for the plowing of a portion of the acreage already done by the tenant.

Elliott testified that the matter of paying for the plowing was resolved by Mitchell's stating, "[W]e'll slip in a few bucks if it has to be paid." Mitchell, on the other hand, testified that he wanted the entire agreement to be subject to Elliott's agreeing to pay for the plowing, which Elliott never did.

Elliott prepared a memorandum reflecting the substance of his conversation with Mitchell. The memorandum provided in part that the seller (Mitchell) was to pay for the plowing. Pursuant to their discussion, Elliott forwarded the memo to defendant's mother, Mrs. Mildred Mitchell, who lived in Minnesota near the property in question. She was to prepare an earnest money agreement embodying the terms of Elliott's memorandum and forward it to Mitchell for execution. Elliott at this time also tendered to Mrs. Mitchell a check for $5,000, which she deposited to her son's account.

Mrs. Mitchell sent a letter to Elliott, calling to his attention the discrepancy between his memorandum and her understanding of the agreement regarding the plowing term. She prepared the earnest money agreement, omitting any provision regarding plowing, and forwarded it to her son. He executed it and sent it back to Elliott. Because this document omitted the term contained in Elliott's memorandum regarding payment for the plowing, the trial court held that it constituted a counteroffer.

Elliott received the earnest money agreement on October 6, 1973. He wrote out a check for the $1,000 payment called for under the contract, and on October 8, 1973, Elliott and his wife visited their attorney, in whose presence they executed the earnest money agreement. They left the agreement and the money with the attorney, to be mailed to Mitchell.

On October 10, 1973, Elliott received a telephone call from Mitchell, who advised him that the offer was revoked. Mitchell on the same date mailed to Elliott a written notice of cancellation. The contract and the $1,000 payment were not mailed to Mitchell until October 11, 1973.

On appeal, plaintiffs assert that the trial court erred in finding that the failure of the parties to agree upon the plowing term prevented the formation of a contract. The trial court specifically found that this was a material term of the agreement and was a condition to the formation of the contract. Therefore, the trial court held that the earnest money

agreement was a counteroffer which was revoked by the offeror, Mitchell, before acceptance of the offerees, the Elliotts. While the evidence might support another conclusion, the trial court's findings were not clearly erroneous and must be affirmed. Rule 52.01, Rules of Civil Procedure; In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972).

Affirmed.