PHYLLIS J. STARR v. EDWARD P. STARR.

251 N. W. 2d 341.

February 18, 1977—No. 46502.

*Thomson, Wylde & Nordby* and *Fred A. Reiter,* for appellant.
*Schway & Gotlieb* and *Eugene J. Schway,* for respondent.

PER CURIAM.

The parties to this action were divorced by judgment and decree on August 13, 1973, in accordance with the terms of a stipulation between the parties. The stipulation and decree granted custody of the parties' seven minor children to plaintiff and provided that defendant pay child support in the amount of $100 per month per child. In addition, the stipulation and judgment and decree provided as follows:

"That as additional support for the minor children, Defendant shall pay to Plaintiff 25% *of the increase in the net taxable income of Defendant* up to $10,000.00 of additional net taxable income and shall pay 10% of the net taxable income of the next $20,000.00 of increased taxable income, which sum shall be paid to Plaintiff within 30 days after the date required for filing a tax return for Defendant commencing with the tax return due the year 1974. In connection therewith Defendant shall furnish to Plaintiff a copy of his partnership tax return and his personal income tax return for the preceding year. This procedure shall be followed each and every year so long as he shall be required to pay support or alimony. *At this time Defendant has a net taxable income of $14,000.00 per year and any increases shall be considered from that point.*" (Italics supplied.)

The instant appeal arises from plaintiff's motion to find defendant in contempt of court for the violation of this and other provisions of the judgment and decree. Upon a hearing in the Ramsey County Family Court, the referee considered arguments upon the precise meaning of the term "net taxable income" within the context of the judgment and decree.

The referee concluded from the surrounding circumstances, the negotiations preceding the stipulation, and practical considerations that "net taxable income" as used in the decree was to be construed as adjusted gross income. As such, defendant's 1973 income tax return reflected an increase of $9,186, of which 25 percent or $2,296.50 was awarded to plaintiff as additional child support. The referee's findings, order, and memorandum were confirmed by the district court over the objections of defendant.

The sole issue presented is whether the district court erred in construing the term "net taxable income" to mean adjusted gross income.

The general rule for the construction of contracts, which the parties

agree governs the interpretation of the stipulation, is that where the language employed by the parties is plain and unambiguous there is no room for construction.[1] North Star Center, Inc. v. Sibley Bowl, Inc. 295 Minn. 424, 205 N. W. 2d 331 (1973). Defendant argues that the phrase "net taxable income" as contained in the stipulation and decree is governed by this rule. However, technical trade terms will not be given their technical meaning if it is clear from the surrounding circumstances, the negotiations leading to the contract, or the practical construction intended by the parties that they contemplated a different meaning of the terms. Sell v. Lenz, 149 Minn. 200, 183 N. W. 135 (1921).

While "net taxable income" is not ambiguous in its normal trade usage, it is ambiguous in the context of the parties' stipulation. The stipulation provision at issue, entered June 21, 1973, as set forth, contains a statement that defendant's net taxable income was $14,000 per year. The record indicates that defendant's 1972 Federal tax return, filed subsequent to the agreement to the terms of the stipulation, exhibits adjusted gross income of $11,541 and a taxable income of minus $379. Therefore, if, as plaintiff contends, the 1972 earnings were the basis of defendant's estimated net taxable income, the adjusted gross income figure most closely approximates that estimate.

Defendant contends that the estimate was based rather upon his 1973 projected earnings. In support thereof he offered evidence that his 1973 adjusted gross income was $23,186 and his taxable earnings were $11,260. He therefore concludes that for 1973, his taxable income more nearly approximated his "net taxable income" as contained in the stipulation.

Although the findings of the referee, as confirmed by the district court, do not specifically conclude that the estimate was based upon defendant's 1972 earnings, that conclusion is implicit. The district court found that equating defendant's adjusted gross income with "net taxable income" as contained in the stipulation was reasonable, for as exemplified in defendant's 1972 return, the use of exemptions and deductions could substantially reduce the net taxable income figure and therefore defeat the obvious intention of the parties that additional support be provided upon an increase in defendant's disposable income.

As the findings of the district court have a reasonable basis and are not clearly erroneous, they are affirmed in all respects.

Plaintiff is allowed $350 attorneys fees.

Affirmed.

---

[1] Whether we are limited to the rules applicable to the construction of contracts is neither presented nor decided.