Allyn L. KRONING, et al., Respondents,

v.

Ronald W. KRONING, Appellant.

No. C3–83–2016.

Court of Appeals of Minnesota.

Oct. 23, 1984.

James R. Forsythe, Winona, for respondents.

James P. Ryan, Jr., St. Charles, for appellant.

Considered and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a judgment against defendant-appellant Ronald W. Kroning on a contract claim. Ronald Kroning asserts the trial court erred by interpreting the contract to require that he pay ½ of Kroning Equipment Inc.'s 1980 tax liability. Ronald also contends the trial court erred by refusing to reduce his tax liability by the amount of tax the corporation prepaid during 1980. We affirm in part and reverse in part.

## FACTS

In 1972, brothers Allyn L. Kroning (respondent) and Ronald W. Kroning (appellant) purchased the assets of the Leuhmann Implement Company and went into business as Kroning Equipment, Inc., a farm equipment dealership. In late 1980, Allyn Kroning offered to buy Ronald Kroning's ½ interest in the business for a negotiated price of $387,500, representing approximately one-half the value of the business. The purchase price did not include Kroning Equipment's tax liability for 1980. This was supposedly covered by paragraph three of the contract:

It is agreed that in the event there are undisclosed liabilities (not reflected on the books of the Corporation as of December 31, 1980) for taxes for the calendar year 1980 or prior years assessed and finally determined to be payable, then and in that event the Corporation shall give notice to the Seller of such tax liability. The seller shall, no later than sixty (60) days from the date of said notice, pay over to the corporation one-half (½) of such an amount equal to tax liability.

Allyn Kroning understood the paragraph to mean that brother Ronald would pay ½ of the firm's taxes for 1980. Ronald, on the other hand, contends paragraph three requires his tax contribution only in the event an audit subsequently disclosed taxes for 1980 or earlier years in excess of those determined in the customary manner by the corporation accountant. The firm customarily had accountants prepare tax returns in early spring for taxes of the preceding year. During 1980, the firm's bookkeeper prepaid $8,800 in federal taxes and $7,800 in state taxes, listing this as a debit balance. In November 1980, the firm's accountant told the brothers to expect a tax liability for 1980 of approximately $80,000. In March 1981, the accountant prepared tax returns indicating that the firm owed $106,501 in 1980 taxes ($79,557.00 federal and $26,944.00 state).

Allyn sent Ronald a tax bill for $53,-250.50 and later testified that Ronald admitted the debt but said he could not pay it. Ronald testified he originally thought the debt was the result of an audit but, upon learning it wasn't, denied any liability for the 1980 taxes. Allyn sued and the trial court found Ronald liable for ½ of the firm's 1980 tax liability.

## ISSUES

1. Did the trial court err in interpreting the contract to require that Ronald pay ½ of the firm's 1980 tax liability?

2. Should Ronald's tax liability be reduced by the amount of the tax the corporation prepaid during 1980?

## ANALYSIS

### I

■ Ronald Kroning argues that paragraph 3 of the contract is a tax indemnity clause so that only in the event of an audit revealing taxes for the year 1980 or prior years in excess of the tax liability determined by the March 1981 accounting, would he be obligated to pay ½ the tax obligation. He claims he is not liable for the 1980 taxes as reported by the accountant in March 1981 because, in accordance with standard accounting principles, the contract phrase "as of December 31" requires the accountant to post the March tax liabilities retroactively to the corporate books and hence, full disclosure for 1980 tax liability occurred on December 31, 1980. There being "no undisclosed liabilities on December 31, 1980," he owes nothing.

Brother Allyn counters that the intended and plain meaning of paragraph three was that Ronald should pay ½ of the 1980 taxes computed in March of 1981 because they were not reflected on the books on December 31, 1980. He contends the term "as of December 31" means "on December 31."

The trial court found paragraph 3 to be unambiguous and require one-half of the tax liabilities for 1980 which were not reflected on the books of the corporation as of December 31, 1980, to be paid by Ronald.

It is apparent the court construed "as of" to mean "on." Therefore, even though no entry of a tax liability of $106,501 appeared until March, 1981, Ronald was stuck with one-half of that amount. The trial court believed any other construction would make paragraph three meaningless, rejecting Ronald's argument that the 1980 tax liability as of December, 1980, could be determined from an evaluation of the information which the books contained on that date.

The conduct of the parties indicated the intent to have Ronald pay ½ the 1980 corporate tax. Both brothers admitted valuation of the corporation at the time of purchase did not include 1980 income tax liability. At a March 1981 meeting between the brothers, Ronald never questioned owing the tax.

The trial court's findings are supported by the record; its interpretation is reasonable and not clearly erroneous. We therefore must affirm. Minn.R.Civ.P. 52.01; *see Starr v. Starr*, 312 Minn. 561, 563, 251 N.W.2d 341, 343 (1977).

## II

■ Ronald next argues that even if he were liable for ½ of the income tax liability for 1980, the 1980 corporate tax liability should be reduced by $16,600, the tax credit for 1980 as a result of certain prepayments made by the corporation. Although the trial court did not make a specific finding on this issue, we assume, from the nature of the relief granted by the court, it considered and rejected this argument.[1] We disagree.

A close examination of paragraph three would allow an interpretation that would permit a deduction for prepayments of tax liabilities. Although the paragraph speaks of "undisclosed liabilities", one could reasonably assume the phrase to mean "undisclosed *net* liabilities." Allyn's claim the prepayment was reflected on the books as of December 31, 1980, and was considered in negotiating the purchase price of the shares overlooks the trial court's finding that "both parties testified their valuation of the business for purposes of establishing a purchase price did not include any figure at all for the 1980 income tax liability." Any other interpretation would have Ronald paying $53,250 of the 1980 tax liability and Allyn paying $36,651, a clearly inequitable result.

## DECISION

Ronald W. Kroning is required to pay one-half of the 1980 taxes that were first computed in March 1981. Ronald is entitled to a credit of $8,300 for one-half (½) the estimated tax paid by the corporation in 1980.

Affirmed in part and reversed in part.

---

**1.** To aid the appellate court on review, it would be helpful if trial courts would answer in a more definitive manner the issues raised by the parties.