*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1045**

In re the Marriage of:
David Lee Christensen, petitioner,
Appellant,

vs.

Kathryn Florence Kladek,
Respondent.

**Filed April 6, 2015
Reversed and remanded
Bjorkman, Judge**

Hennepin County District Court
File No. 27-FA-12-3364

Rasheen R. Tillman, Tillman Law Firm, Minneapolis, Minnesota (for appellant)

Melanie P. Persellin, Jensen Sondrall Persellin & Woods, P.A., Brooklyn Park, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Hudson, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges an order holding him solely responsible for a home-equity line of credit pursuant to a stipulated dissolution judgment, arguing that the judgment is

ambiguous and that the district court clearly erred by not considering all of the relevant extrinsic evidence. We reverse and remand.

## FACTS

Appellant David Christensen and respondent Kathryn Kladek were married in 1995. The parties' marriage was dissolved in December 2012 pursuant to a stipulated judgment (judgment). Christensen's attorney drafted the judgment and incorrectly identified a home-equity line of credit (HELOC) secured by Kladek's nonmarital Excelsior home as an "asset," and allocated that purported "asset" to Christensen. The HELOC is also mentioned in the portions of the judgment that address Kladek's Excelsior property. Paragraph XVII of the findings of fact notes that Kladek's Excelsior property has "a home equity line of credit encumbrance . . . in the approximate amount of $31,214.73." Paragraph 6 of the conclusions of law provides that Kladek "shall have all right, title, interest and equity in" her Excelsior property "subject to all encumbrances, including the home equity lines that are of record." More generally, paragraph 12 of the conclusions of law states that each party "shall assume and pay" the debts in his or her name, "which are not otherwise specified herein."

Christensen continued to make payments on the HELOC following the dissolution. But in late 2013, he moved to hold Kladek in contempt for failing to assume payment of the HELOC and remove him from the account. The district court denied Christensen's motion, concluding that the judgment did not explicitly order Kladek to assume responsibility for the HELOC.

2

In March 2014, Kladek moved for an order clarifying who is responsible for the HELOC. She argued that the judgment is ambiguous regarding the assignment of the HELOC due to the drafting error and that Christensen should be responsible because the HELOC is a separate debt he incurred in his name. Kladek's supporting documents include bank records indicating Christensen was the sole signatory on the HELOC credit agreement and the only one who made payments on the account. In a responsive motion, Christensen argued that Kladek assumed liability for the HELOC because the judgment awarded her the Excelsior property "subject to" the mortgage and HELOC. As evidence of Kladek's intent to take on the HELOC, Christensen submitted six e-mails sent before and after the dissolution in which Kladek indicates that she will assume responsibility for up to $30,000 of the HELOC.

The district court concluded that Christensen is solely responsible for the HELOC. While the district court found the judgment ambiguous, and purported to focus on "the objective intent of the parties as gleaned from the four (4) corners of the parties' Stipulated Judgment and Decree," it expressly considered, and relied on, the bank documents Kladek filed. The district court did not similarly consider the e-mails Christensen produced. The district court also stated that assigning the HELOC to Kladek would result in an unintended "inequitable division of debt," because Christensen earns nearly three times more than Kladek. Finally, the district court found that "[t]he language in Finding of Fact XVII and Conclusion of Law 6 are both void of any language specifically assigning the line of credit to either party," but that the HELOC constitutes a

3

separate debt under paragraph 12 of the conclusions of law because the debt was solely in Christensen's name. Christensen appeals.

## D E C I S I O N

A stipulated dissolution judgment is a binding contract. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). When its language is unambiguous, the judgment is construed according to its plain meaning. *Starr v. Starr*, 312 Minn. 561, 562-63, 251 N.W.2d 341, 342 (1977). But if its terms are ambiguous, upon motion, a district court may issue appropriate orders clarifying or interpreting it. *Stieler v. Stieler*, 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955). A provision is ambiguous if it is reasonably susceptible to more than one meaning when judged by its language alone, and without resort to parol evidence. *Landwehr v. Landwehr*, 380 N.W.2d 136, 138 (Minn. App. 1985). When determining whether ambiguity exists, the judgment must be considered in its entirety. *Id.* at 139. Whether a dissolution judgment is ambiguous is a legal question, which we review de novo. *Halverson v. Halverson*, 381 N.W.2d 69, 71 (Minn. App. 1986).

Christensen argues that the stipulated judgment is ambiguous and that the district court erred by considering only the extrinsic evidence Kladek submitted as to the parties' intent. We address each argument in turn.

## I. The judgment is ambiguous.

In their respective motions to the district court, the parties acknowledged that the judgment incorrectly classifies the HELOC as an asset, making responsibility for the debt unclear. The parties also noted that paragraph 6 of the conclusions of law awards Kladek

4

the Excelsior property "subject to" the HELOC, but they disagreed about what "subject to" means. Christensen argued that the phrase indicates Kladek was awarded the Excelsior home, and assigned the responsibility to repay the HELOC. Kladek asserted that the "subject to" language simply acknowledges that the Excelsior home was encumbered by the HELOC, but did not alter Christensen's underlying responsibility for that debt. The district court concluded that the judgment is ambiguous as to the HELOC. We agree.

First, the drafting error—that assigns the HELOC to Christensen as an asset—creates uncertainty as to who is responsible for the HELOC debt. Second, the reference to the HELOC in the provision awarding the Excelsior property to Kladek is ambiguous. The parties' competing interpretations of "subject to" in paragraph 6 strongly indicates that the provision is ambiguous. *See Erickson v. Erickson*, 449 N.W.2d 173, 178 (Minn. 1989) ("Disagreement between the parties as to the interpretation of a dissolution decree may be tantamount to a finding of ambiguity."). And neither interpretation is unreasonable. *See Landwehr*, 380 N.W.2d at 138 (explaining that a provision is ambiguous if reasonably susceptible to more than one meaning). Kladek's contention that the phrase "subject to" merely notes the existing encumbrance is plausible considering that Christensen obtained the HELOC and paragraph 6 does not explicitly assign the debt to Kladek. At the same time, it is equally reasonable to conclude that by awarding Kladek the Excelsior home "subject to all encumbrances," the judgment assigns the HELOC debt to her. Accordingly, we conclude that this aspect of the judgment is ambiguous.

5

**II.**    **The district court's finding that Christensen is responsible for the HELOC is clearly erroneous as it fails to take into account all relevant extrinsic evidence of the parties' intent.**

If a stipulated dissolution judgment is ambiguous, extrinsic evidence may be admitted to clarify the intent of the parties. *Webb v. Webb*, 360 N.W.2d 647, 649 (Minn. App. 1985). When the district court relies on extrinsic evidence to clarify the parties' intent, we review its findings for clear error. *Donnay v. Boulware*, 275 Minn. 37, 44, 144 N.W.2d 711, 716 (1966).

After concluding that the judgment is ambiguous, the district court initially signaled its intent to resolve the ambiguity within the four corners of the judgment. But the district court did more than that; it considered and relied on the extrinsic evidence Kladek presented, including the bank records, in determining that the HELOC is a separate debt assigned to Christensen in conclusion of law 12. Christensen argues that the district court improperly failed to also consider the relevant extrinsic evidence he submitted. We agree.

Four of the six e-mails included in the record before the district court were sent by Kladek to Christensen during the dissolution proceeding. They clearly express Kladek's agreement to take on $30,000 of the HELOC liability. For example, Kladek's August 15, 2012 e-mail to Christensen states, "I agree to take on the $30,000 loc and not a penny more." Another e-mail that Kladek received from her mortgage consultant later that month confirms a discussion about refinancing Kladek's mortgage and paying off the HELOC. In a September 10 e-mail to Christensen, Kladek stated, "I'm paying the $30,000 even though the paperwork says 31500." And after the dissolution, Kladek

6

e-mailed Christensen's lawyer about not only her willingness but her efforts to pay off the HELOC:

> I have started the process to take on the LOC. David needs to stop asap the auto pay on that loan so I can make the payments directly to [the bank] until I can do a new LOC loan in my name only. . . . I AM doing what I said I would do in the decree. I am not trying to skip out of this so we do not need to go back to the courts.

While the district court's order makes a passing reference to the existence of these e-mails when describing the parties' respective arguments, the court's findings do not address the content of the e-mails. Moreover, the district court does not explain why it did not consider their substance but did evaluate the extrinsic evidence Kladek offered. What is clear is that the e-mails not only provide a strong indication of the parties' intentions regarding the HELOC, but appear to undermine the district court's finding that Christensen is responsible for that debt. Because the district court failed to consider what was likely the most probative evidence of the parties' intent, we cannot conclude that the district court accurately construed the decree in a manner that was "reasonably supported by the evidence as a whole." *Ekman v. Miller*, 812 N.W.2d 892, 895 (Minn. App. 2012) (quotation omitted); *see also Fredrich v. Indep. Sch. Dist. No. 720*, 465 N.W.2d 692, 695-96 (Minn. App. 1991) (holding fact-finder's determination was erroneous where it failed to consider inconsistent probative extrinsic evidence when construing ambiguous employment contract), *review denied* (Minn. Apr. 29, 1991). Accordingly, we reverse

and remand for the district court to determine the parties' intent after considering all of the relevant extrinsic evidence.

**Reversed and remanded.**