*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0735**

In re the Marriage of:
Julie Ann Summers, petitioner,
Respondent,

vs.

Jonathon Roger Summers,
Appellant.

**Filed March 14, 2016
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-FA-14-6113

Jennifer M. Moore, Moore Family Law, P.A., Plymouth, Minnesota (for respondent)

John T. Burns, Jr., Burns Law Office, Burnsville, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

In this post-marital-dissolution dispute, appellant-husband argues that the district court erred by: (1) failing to award him monetary damages for respondent-wife's cancellation of a joint credit card, (2) failing to order prompt refinancing of the former marital home, and (3) failing to award him conduct-based attorney fees. We affirm.

# FACTS

In September 2014, the nearly 18-year marriage of appellant-husband Jonathon Roger Summers and respondent-wife Julie Ann Summers was dissolved pursuant to a stipulated marriage-dissolution judgment and decree. The judgment and decree awarded the parties joint physical and legal custody of their three minor children and wife the marital home. It required that wife make good-faith efforts to refinance the marital home into her name alone, "[a]s soon as possible" but "no later than July 1, 2020." It also required that husband pay and hold wife harmless on their joint credit-card debt and wife to immediately cancel the credit card upon final payment. Under the decree, "[n]either party shall contract any debt, charge or liability in the future for which the other party may become liable."

After the judgment and decree, husband continued to use the joint credit card. In December 2014, wife discovered that, while husband had previously paid the credit card balance down to approximately $2,500, he had incurred almost $20,000 in additional charges. In January 2015, wife canceled the credit card without any advance notice to husband. According to husband, as a result of the cancellation, he had to open a new credit card, which reduced his credit score and delayed the mortgage pre-approval he was seeking. In an attempt to repair his credit score quickly, husband chose to make an early withdrawal from his 401(k) to pay off the credit card in full.

In February 2015, wife filed a motion for a change of physical custody and other relief. Shortly after, husband filed a counter-motion seeking monetary damages for wife's cancellation of the joint credit card, prompt refinance or sale of the marital home, conduct-based attorney fees, and other relief. After a hearing, the district court denied all requested

2

relief, other than granting wife's request for an order requiring the parties to enroll in a parenting class.

Husband appeals.

**D E C I S I O N**

**I.      The district court did not err by denying husband's motion seeking monetary damages for wife's cancellation of the joint credit card.**

Stipulated dissolution judgments are treated as binding contracts. *Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997). "The general rule for the construction of contracts . . . is that where the language employed by the parties is plain and unambiguous there is no room for construction." *Starr v. Starr*, 312 Minn. 561, 562-63, 251 N.W.2d 341, 342 (1977). Whether a dissolution judgment is ambiguous presents a legal question, which we review de novo. *Halvorson v. Halvorson*, 381 N.W.2d 69, 71 (Minn. App. 1986).

Husband argues that the district court erred by denying his motion seeking monetary damages for wife's cancellation of the credit card because wife breached the judgment and decree when she did so before final payment. The plain and unambiguous language of the judgment and decree states that "[n]either party shall contract any debt, charge or liability in the future for which the other party may become liable." Although he was making payments towards the joint credit card, husband repeatedly used the credit card after the filing of the judgment and decree. Therefore, husband was violating the decree by incurring charges for which wife may become liable. The district court did not err in denying husband's motion seeking monetary damages.

**II. The district court did not abuse its discretion by refusing to order prompt refinancing or sale of the marital home.**

A district court "may issue orders to implement, enforce, or clarify the provisions of a decree, so long as it does not change the parties' substantive rights." *Redmond v. Redmond*, 594 N.W.2d 272, 275 (Minn. App. 1999). Absent an abuse of discretion, we will not overturn decisions of the district court in this regard. *Potter v. Potter*, 471 N.W.2d 113, 114 (Minn. App. 1991).

Husband argues that the district court abused its discretion by refusing to order prompt refinancing of the marital home because the plain language of the decree requires wife to seek refinancing "[a]s soon as possible." Although the record does not reflect that wife applied for any refinancing, husband filed his motion less than five months after the entry of the judgment and decree. During that time period, the family was adjusting to new routines and it is reasonable that wife would not have had the chance to apply for refinancing. Further, the joint credit card was on wife's credit report for a majority of those five months, potentially affecting her ability to refinance. The district court did not abuse its discretion by refusing to order prompt refinancing or sale of the marital home.

**III. The district court did not abuse its discretion by denying husband's motion for conduct-based attorney fees.**

A district court has the discretion to award attorney fees against a party "who unreasonably contributes to the length or expense of the proceeding." Minn. Stat. § 518.14, subd. 1 (2014). The party moving for conduct-based attorney fees has the burden of proof. *Geske v. Marcolina*, 624 N.W.2d 813, 818 (Minn. App. 2001).

4

The district court ordered that each party pay his/her own attorney fees. Husband argues that he is entitled to an award of conduct-based attorney fees because "[b]y arbitrarily canceling the credit card and then commencing a meritless motion to change custody . . . [wife's] conduct unreasonably contributed to the length and expense of the proceeding."

Wife's motion was not meritless. Citing to Minn. Stat. § 518.178 (2014), wife alternatively moved the district court to order the parties to participate in mediation and in the court's mandatory divorce education co-parenting course, as well as to appoint a parenting-time expeditor. Minn. Stat. §§ 518.178-.1781 (2014) allow for a six-month review of a judgment and decree to ensure that child-support payments are current and that both parties are complying with the parenting-time provisions. Because wife properly brought a motion under Minn. Stat. §§ 518.178-.1781, her motion was not meritless and she did not "unreasonably contribute[] to the length or expense of the proceeding." *See* Minn. Stat. § 518.14, subd. 1. The district court did not abuse its discretion by declining to award conduct-based attorney fees.

**Affirmed.**